Jan. 7, }
  1919. }

## *In Re* FRYEBURG WATER COMPANY.

The courts of one state have no visitorial power over corporations of another
state and no jurisdiction to determine questions relating to their internal
affairs.

The public service commission has no jurisdiction to approve or disapprove the
issuance of a stock dividend by a public utility organized under the laws of
another state and carrying on business both there and in this state, such divi-
dend having been authorized by the laws of such foreign state to take up
surplus earnings used in improving the plant in both states.

CASE transferred from the public service commission under Laws
1917, c. 205. The Fryeburg Water Company, a public utility organ-
ized under the laws of Maine, furnishes water to the public both in
Maine and in this state. It has accumulated from its earnings a
surplus of $8,000 which it has used in improving its plant in both
states. Under the laws of Maine it has been authorized to issue a
stock dividend of $8,000 to take up the surplus so invested. This pro-
ceeding is a petition to the public service commission for its approval
of so much of the stock dividend as is represented by investment in
the company's property in this state. The commission submits
the following questions for determination: (1) whether its ap-
proval is necessary to validate the stock dividend referred to, and
(2) whether, if such approval is necessary, it has authority to approve
a stock dividend.

WALKER, J. The first question presented by the case is whether
the public service commission of this state has the power or juris-
diction to approve the proposed issue of additional stock by the
Fryeburg Water Company, a corporation organized under the laws
of Maine. It is a well recognized principle of law that the courts
of one state have no visitorial power over corporations of another
state and no jurisdiction to determine questions relating to their
internal affairs. Clark Corp. 635. Whether the object of a proceed-
ing is intrinsically to regulate the internal affairs of a foreign corpora-
tion or whether it is merely to enforce a contractual obligation or to
prevent a fraud (*Westminster National Bank* v. *Electrical Works*, 73
N. H. 465), it is not always easy to determine; and the result is that
there is some apparent conflict in the authorities. See *Kansas, &c.
Construction Co.* v. *Railroad*, 135 Mass. 34; *Madden* v. *Company,*

181 Pa. St. 617; *Guilford* v. *Company*, 59 Minn. 332; *Harding* v. *Company*, 182 Ill. 551, 633.

Little doubt, however, can be entertained that the issuing of stock is a corporate act which is regulated and controlled by the laws of the incorporating state, and which, relating to the internal conduct and management of the corporation, is exclusively subject to the local laws. "From the nature of corporate stock, which is created by and under the authority of a State, the right or duty to issue it, like the other attributes of the corporation, is governed by the local law of the State from which it derives its existence, and not by that of any other State." *Kansas &c. Construction Co.* v. *Railroad, supra*, 40; *North State &c. Mining Co.* v. *Field*, 64 Md. 151.

Although the language of the statute (Laws 1915, *c*. 115), conferring power upon the public service commission to control the issuing of stock by a corporation doing business in this state, is sufficiently broad to include within its provisions foreign corporations, it is not to be presumed that the legislature intended to give the commission power to regulate the internal affairs of such corporations. The fact that a foreign corporation engaged in business in this state and owning property located here is within the jurisdiction of our courts in suits against it upon its contracts or for fraud practised by it in the conduct of its business, does not also subject it to legislation purporting to regulate the exercise of the inherent corporate powers conferred upon it by the legislative power of the incorporating state. *North State &c. Mining Co.* v. *Field, supra; Howell* v. *Railway*, 51 Barb. 378. If the amount of its capital stock is limited by the act of incorporation, the legislature of another state where it happens to be engaged in business has no power to increase or diminish the amount of stock thus fixed and established. One of the apparent reasons for this proposition is "the impropriety and futility of interfering in the internal affairs of the corporation." Beale For. Corp., *s*. 307. The petitioner's request for the approval by the commission of an increase of its capital stock, which has been authorized by the laws of Maine, is misconceived, and is an application for the exercise of power by the commission which it does not possess. The effect of its approval of a domestic corporation's increase of stock is to render the stock legal; while its disapproval has the opposite effect. Laws 1915, *c*. 115. But no one would claim that its disapproval in this case would render the stock authorized under the laws of Maine illegal or void.

In view of the foregoing discussion, the second question submitted

by the commission, whether it has power to approve a stock dividend (see P. S., *c.* 273, *s.* 11) which appears to represent actual value, becomes immaterial in this case, and therefore is not considered.

*Case discharged.*

All concurred.