In the Matter of the Application of WALTER A. OSTRANDER, Respondent, a Stockholder in WABASH RAILWAY COMPANY, Appellant, for an Order Requiring Said Corporation to Issue a New Certificate of Stock in the Place of One Lost or Destroyed.

Third Department, September 19, 1923.

Corporations — stock and stockholders — action to compel foreign corporation to issue new certificate of stock for one that was lost or destroyed — Stock Corporation Law of 1909, §§ 67 and 68 (now Stock Corporation Law of 1923, §§ 75 and 76), do not apply to certificates of stock issued by foreign corporations — statute is valid as to certificates of stock of domestic corporation.

Proceedings cannot be maintained under sections 67 and 68 of the Stock Corporation Law of 1909 (now sections 75 and 76 of the Stock Corporation Law of 1923) to compel a foreign corporation to issue a new certificate of stock in the place of a lost or destroyed certificate. Said sections do not apply to foreign corporations.

*It seems,* that the provisions of the sections, as applied to domestic corporations alone, present no constitutional difficulties, since the Legislature of this State bestows upon a domestic corporation the right to issue certificates of stock, and having the power either to withhold or to grant such authority, it may accompany a grant with appropriate conditions as to the termination of stock ownership acquired thereunder.

APPEAL by the Wabash Railway Company from an order of the Supreme Court, made at the Otsego Special Term and entered in the office of the clerk of the county of Delaware on the 8th day of February, 1923, requiring said Wabash Railway Company, a foreign corporation, to issue and deliver to the petitioner a new certificate for 100 shares of its common stock in the place of one lost or destroyed, and requiring the petitioner to deposit with said corporation a surety company bond in the sum of $2,000.

*Pierce & Greer* [*H. Brua Campbell* and *Winslow S. Pierce* of counsel], for the appellant.

*Samuel H. Fancher,* for the respondent.

H. T. KELLOGG, Acting P. J.:

An order has been made directing the Wabash Railway Company, a foreign corporation, to issue a new certificate of stock to the petitioner in place of a lost certificate, on condition that the petitioner deposit with the corporation a certain bond of indemnity. Justification for the granting of the order is sought in sections 67 and 68 of the Stock. Corporation Law.* Section 68 provides for

---

* See Stock Corp. Law of 1923, §§ 75, 76, in effect October 1, 1923. (See Laws of 1923, chap. 787, §§ 3, 5, 6.) See, also, Pers. Prop. Law, §§ 178, 179, 183 184, 185, as added by Laws of 1913, chap. 600, known as the Uniform Stock Transfers Act.— [REP.

the issuance of a new in the place of a lost or destroyed certificate upon the filing of a bond " to indemnify any person other than the petitioner who shall thereafter be found to be the lawful owner of the certificate lost or destroyed." The section further provides: " Any person claiming any rights under the certificates alleged to have been lost or destroyed shall have recourse to such indemnity * * * and the corporation issuing such certificate shall be discharged from all liability to such person upon compliance with such order." It is evident that a non-resident, proving himself to be the true owner of a certificate of stock in a corporation organized under the laws of a foreign State, would not, in the courts of *that* State, be denied a remedy to enforce his rights of stock ownership against such corporation, upon the ground that the courts of *this* State, assuming to act under the section in question, had attempted to deprive him of such a remedy and to substitute in lieu thereof a right of action upon a bond of indemnity. The courts of a foreign State would not concede that a statute of this State had extraterritorial effect to accomplish such a result or that the courts here had acted with jurisdiction. Furthermore, assuming that our statute was intended to apply in such a case, it could not be given effect, since it would have the result of depriving the true owner of his property without notice and without due process of law. For these reasons we think that the provisions of sections 67 and 68 were not intended to have application in cases of lost or destroyed certificates of stock in a foreign corporation. It may be well to add that the provisions of the sections, if regarded as applying to domestic corporations alone, present no constitutional difficulties. The Legislature of this State bestows upon a domestic corporation the right to issue certificates of stock. Having the power either to withhold or to grant such authority it may accompany a grant with appropriate conditions as to the termination of stock ownership acquired thereunder.

The order should be reversed, with costs, and the application denied, with costs. ·

VAN KIRK and HINMAN, JJ., concur; HASBROUCK, J., concurs for a reversal, but with the privilege of a new hearing conducted in compliance with the statute.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.