140 A.2d 777 (1958)
In the Matter of WESTERN AIRLINES, Inc.
Court of Chancery of Delaware, New Castle County.
April 22, 1958.
Henry M. Canby, Wilmington, for petitioners, William S. Bartman, Gordon Y. Billard, Bartman Bros., a partnership, Bernard Citron, Louis A. Chase, Georges M. George, Percy L. Ross, Joseph D. Shane and Harden F. Taylor.
William S. Potter, Wilmington, for intervener, A. Evelyn Wynne.
C. J. Killoran, Wilmington and Hugh W. Darling, Los Angeles, Cal., for respondent Western Airlines, Inc.
MARVEL, Vice Chancellor.
Petitioners, who purport to be substantial stockholders of Western Airlines, Inc., seek an order under § 224 of Title 8 Del.C., summarily directing an election of directors of the respondent corporation. A rule to show cause having issued, the corporation by answer and affidavit concedes that it has not held an election of directors since April 1956 but contends that it is justified in not having called a meeting of stockholders for such purpose because the status of the corporation's charter is now such that it is not clear whether the vote at such a meeting should be taken on a straight or cumulative basis. It is contended that for the same reason this Court should not summarily order an election.
On October 10, 1956, the corporation's stockholders at a duly convened adjourned special meeting voted to amend the corporation's charter by eliminating therefrom a provision which provided for cumulative voting. Before such meeting was convened, however, the Commissioner of Corporations of California had assumed jurisdiction in the matter, having taken the position that the proposed change in voting rights was a "sale" under the Corporate Securities Law of California and that a permit from the *778 Commissioner was required prior to putting such proposal to a vote. In order to avoid the possible imposition of sanctions as the result of corporate action in the absence of a permit assurances were given to the Commissioner that the amendment, if approved, would not be filed with the Secretary of State of Delaware, "* * * until an appropriate `exchange' permit has been received by this company, unless a court of competent jurisdiction shall rule that under the circumstances an `exchange' permit is not required under the Corporate Securities Law * * *"
Proceedings are now pending in California for judicial review of the Commissioner's ruling (reaffirmed by him on remand on February 5, 1958) and argument in the Superior Court of the State of California is now scheduled for May 18, 1958.
Intervenor, who is also allegedly a stockholder of Western Airlines, Inc., takes the position that inasmuch as stockholders have approved an amendment eliminating cumulative voting, this Court should treat her complaint as a bill for specific performance and direct management to perform the ministerial act of filing the amendment prior to directing an election to be held.
In view of the Commissioner's intransigent position in this matter, I believe that an order now on intervener's application would merely sharpen the present clash in this case between California administrative law and the law of Delaware. At this stage a court of California has not ruled directly on the point of law here presented, and despite the fact that continued uncertainty as to how votes shall be tabulated at a corporate election is depriving respondent's stockholders of their clear right annually to choose a board of their own choice, I decline to enter an order now on the intervening complaint.
It necessarily follows that comity also requires this Court to withhold entry of a summary order under § 224 of Title 8 Del. C. until the California court has expressed its views on the question of whether or not California may insist that directors of this Delaware corporation be elected by cumulative rather than straight voting. In this connection, see Fletcher, Cycl., Corporations, Vol. 17, § 8445, Commonwealth Acceptance Corp. v. Jordon, 198 Cal. 618, 246 P. 796, and Southern Sierras Power Co. v. Railroad Commission, 205 Cal. 479, 271 P. 747.
Admittedly, the pending California litigation and this case do not involve the same parties. Furthermore, the ultimate disposition of the California litigation will not necessarily control or even affect the final adjudication of the problem before me. Nonetheless, to direct an election now might unnecessarily confound an already confused situation with no resulting benefit to the complaining stockholders.
I will reserve decision on plaintiffs' and intervener's applications until the Superior Court of California has ruled on the corporation's bill for review.