Waldo *v.* Goodsell.

---

Loren P. Waldo and another *vs.* Willis J. Goodsell, Executor, and another.

The act of 1853, (Rev. of 1866, p. 202,) provides that where the life of a passenger is lost by reason of the negligence of a railroad company, the company shall be liable to pay damages, not over $5,000 nor less than $1,000, to the use of the executor or administrator, to be recovered by him in an action on the statute, for the benefit of the husband or widow and heirs of the deceased person; if children, one half to them, and if no children, the whole to the husband or widow, and if no husband or widow to the heirs at law. A husband and wife, having no children, were injured at the same time by the negligence of a

railroad company, and both died, but the husband a little before the wife. Held, that the right to the damages vested absolutely in the wife, and on her death went to her heirs and not to the heirs of the husband.

BILL of interpleader, brought to the superior court for Hartford County, and reserved on an admission of the facts alleged in the bill for the advice of this court.

The petitioners were counsellors at law and partners, and as such brought in the name of Willis Goodsell, executor of Andrew D. Euson, an action against the Hartford and New Haven Railroad Company, for damages under the statute of 1853, for the death of the said Euson, a passenger on the railroad, by the negligence of the railroad company. That case is reported in the present volume, page 51, and the statute referred to is given in full in a note at the bottom of the same page. Mrs. Catherine S. Euson, the wife of the said Andrew D. Euson, was fatally injured by the same accident, but survived her husband a few days. The suit was brought in the name of Goodsell, his executor, with his consent, but wholly at the expense, and, as the petitioners supposed, for the benefit, of the estate and heirs of Mrs. Euson. There were no children. After the recovery Goodsell claimed a part or the whole of the damages for the estate of Mr. Euson, and the question reserved for this court was as to the proper construction of the statute as it affected this claim. The respondents who were cited in to interplead, were Goodsell the executor of Mr. Euson, and Charles Shelton, the administrator of Mrs. Euson's estate, who each filed an answer asserting his claim to the damages in question but substantially admitting the allegations of the petition.

*Chamberlin* and *Hall*, for the respondent Goodsell.

*Waldo* and *Hyde*, for the respondent Shelton.

MCCURDY, J. In this case, it being a bill of interpleader, the petitioners are merely nominal parties, and the real controversy is between the two respondents, Goodsell as the rep-

resentative of Andrew D. Euson, and Shelton as the representative of Catherine S. Euson his wife.

The equitable considerations would seem not to be particularly favorable to the claims of the former. Upon the happening of the catastrophe which swept away husband and wife, a question arose as to the party entitled to the damages allowed by the statute, and the amount to be recovered of the railroad company for their negligence. Goodsell took no steps in the matter, and would permit his name and character as executor of Andrew Euson to be used by the administrator of Mrs. Euson, only on condition that he should be indemnified against any cost or expense of the action. The suit resulted successfully, and he now asks for a portion if not the whole of the avails. Although these facts, upon his explanation, may not amount to a waiver, they have a bearing at least upon his equities.

At the common law, as is well known, neither of the respondents could have any position in court. Whatever right pertains to either results from the recent legislation in this state. The statute of 1848 provides that an action for an injury to the person, whether the same do or do not result in death, shall survive to his executor or administrator. This statute was followed by the act of 1853, in relation to which there has been a decision in the case of *Goodsell* v. *Hartford and New Haven Railroad Company*, 33 Conn., 51. It was there held that the object and effect of the latter law is to select a certain class of cases, of which the present is one, and in respect to them to limit the amount of damages and direct their distribution.

The question now is, what by the true construction of that statute is the line of distribution. The respondent Goodsell contends that the title of the widow to the damages was not vested in her at the time of the death of her husband, but that it was contingent and depended upon her being alive at the time of the recovery. The language of the statute is perfectly explicit and we see nothing in it to warrant such an idea. The money is to be sued for and recovered by the executor or administrator of the husband in a case like this, for

the benefit of the widow.   There being no children the whole belongs to her.   The right to it becomes fixed by the death of the husband and at his death.   The only contingency is as to the time of payment.   That depends of course upon a settlement or recovery.   If her right depended upon the fact of her being alive at the time of the judgment in a law suit, there never could be a settlement with her which would be safe for the company.   It would be in the power of the representative of the husband, who must be supposed to be in the interest of his heirs, to keep the case in court indefinitely, in the expectation of her decease and a consequent change in the title to the property.   The value of her interest and perhaps the means of her support might depend upon her winning in the strife between life and litigation.   The husband could not bequeath the damages away from her, (as a part of his estate,) and why should his executor be allowed to deprive her of it indirectly.   The rule that her title vests absolutely in her at his death is simple, certain, and consistent with both the language, and, as we think, the obvious intention of the statute.

The language is similar to that of the law regulating a distribution of property to heirs.   And the question in such cases is, what heirs were living at the death of the ancestor.

The statute being peremptory, transferring the whole damages to the widow, it is difficult to see how there can be a division of them, or an allowance to the executor of the husband, for any reason or any purposes.   If the effect of this construction will be to give to the heirs of the wife what would seem to belong more justly to those of the husband, through whose suffering and death the estate had been acquired, it is within the power of the legislature to modify the law.

We advise that the damages be allowed to the administrator of Mrs. Euson, deducting the fees and expenses of the petitioners.

In this opinion the other judges concurred.