CATHARINE McKEERING, ADMINISTRATRIX OF CORNE-
LIUS McKEERING, DECEASED, v. THE PENNSYLVANIA
RAILROAD COMPANY.

Argued February 26, 1900—Decided June 11, 1900.

1. Where the right of action for a personal injury exists 'in the in-
   jured party at the time of his death, and he has done no act to
   bar a suit by himself, if he had survived, there the right of action
   under the Death act is a vested right in those who are the bene-
   ficiaries under the statute.
2. In such a case the payment by the defendant of a sum of money,
   after the death of the injured person, to one whom he made his
   beneficiary under membership in a relief fund established by the
   defendant, is not a bar to a suit under the Death act for the
   benefit of the widow and next of kin.

On demurrer to plea.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL
and GUMMERE.

For the plaintiff, *Edward E. Maxson.*

For the defendant, *James B. Vredenburgh.*

The opinion of the court was delivered by

VAN SYCKEL, J.  Cornelius McKeering died from injuries
received while in the service of the defendant company, and
this suit is brought by his administratrix to recover damages
for the pecuniary loss of the next of kin, by reason of the
alleged negligence of the defendant.

The plea to which the plaintiff has demurred sets up that
the said company, in connection with its business, has lawfully
maintained a relief fund, of which such of its employes as
desired to do so became members; that thereby relief and
financial assistance was provided for them when they became
disabled by accident or sickness, and in the event of their
death, for the relatives or other beneficiaries specified in the
application of such employes; that said Cornelius McKeering,

in his lifetime, made application, in writing, for and was admitted to membership in said relief fund, and did, then, in said application designate that the death benefit, in the event of his death, should be payable to his sister, Nora McKeering, and did therein and thereby agree that, if accepted as a member, the acceptance of benefits from said relief fund for injury or death should operate as a release of all claims for damages against the said defendant arising from. such injury or death; that after the death of the said Cornelius, the said Nora McKeering did accept from the said relief fund the sum of $500 as the death benefit of the said Cornelius, and did give a receipt and acquittance for the same to the defendant company; which acquittance the defendant averred in said plea operated as a release of all claims for damages arising from the death of said decedent.

If Cornelius had not died from his injury, and had accepted the $500 from the company's relief fund, he could not have maintained an action to recover damages for the alleged negligence of the defendant. *Beck* v. *Pennsylvania Railroad Co., 34 Vroom* 232.

The Death act provides, "That whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action,. and recover damages in respect thereof, then and in every such case the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action of damages; that every such action shall be brought by and in the name of the personal representative of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death to the wife and next of kin of the deceased." *Gen. Stat., p.* 1188.

In *Read* v. *Great Eastern Railway Co., L. R.,* 3 *Q. B.*-555, which was a suit against the railway company for negli-·gence which caused the death of Read, under a statute similar to our own, the defendant pleaded that Read, in his lifetime, accepted a sum of money in full satisfaction and discharge·of all the claims and causes of action he had against defendant; to which plea the plaintiff demurred.

The Court of Queen's Bench overruled this demurrer, remarking that it was not the intention of the statute to make the wrongdoer pay damages twice for the same wrong; that it applied only to a case where the party injured had not recovered compensation against the wrongdoer.

The like question was presented to the Supreme Court of New York in *Dibble, Administrator,* v. *New York and Erie Railroad Co.,* 25 *Barb.* 183, where the deceased, in his lifetime, settled with the company and received compensation for his injury. The court denied the right of action to the administrator for the benefit of the widow and next of kin, saying: "That the injury resulting from the death to the class of persons intended to be benefited by the act, might be precisely the same where compensation had as where it had not been made. But the action is confined exclusively to a case where the injured person would have been entitled to·maintain an action and recover damages, if death had not ensued, and where the defendants would have been liable if death had not ensued, and is not founded wholly upon the fact that death has been caused by an act of a particular·character from which injury and damage have resulted. Here the injured person would not have been entitled to maintain an action, at any time after settlement, to recover·damages. That act, accompanied by payment, extinguished both the right and the liability, and for every legal purpose·the act, neglect or default was as though it had never occurred. There was no liability to continue, whether death ensued or not. The object of the statute, as I understand it,. was to continue the cause of action which the person injured had, and which he had not enforced, but might have enforced if death had not ensued, for the benefit of the widow and

next of kin to enable them to obtain their damages resulting from the same primary cause, and not to create an entirely new and additional right of action."

The Supreme Court of Vermont has adopted the like view that damages cannot be recovered twice for a single wrongful act.

In *Legg* v. *Britton,* 24 *Atl. Rep.* 1016, the person injured died after he had brought his suit for damages under section 2134 of the statutes of Vermont, which provided: "That if the party died pending an action for personal injuries the action might be prosecuted to final judgment by his personal representative."

This suit was prosecuted to judgment, and damages were recovered against the defendant, and this judgment was held to be a bar to a suit brought after the death of the injured person for the benefit of the widow and next of kin.

The case, *sub judice,* differs from the cases above cited in that the decedent, in his lifetime, did not deprive himself of his right of action by accepting a substituted remedy; at the time of his death he could have maintained an action for the injury.

In *Bradshaw v. L. & Y. Railway Co., L. R.,* 10 *C. P.* 189, which was an action on contract, the executor of deceased was permitted to recover the damage arising to his personal estate from medical expenses and loss occasioned by his inability to attend to business, and it was held that this was not affected by the right of the widow and next of kin to recover damages under Lord Campbell's act, on the ground that in case of the right of action which the executor had at common law, the representative sues as legal owner of the general personal estate which descended to him in course of law, while under the said act he sues as trustee in respect of a different right on behalf of particular persons designated in the act.

In *Leggott* v. *Great Northern Railway Co., L. R.,* 1 *Q. B. Div.* 599, the same distinction was observed.

*Maney* v. *C. B. & Q. Railroad Co.,* 49 *Ill. App.* 105, was a suit by the administratrix of deceased to recover for injuries which resulted in his death.

The company pleaded that deceased, in his lifetime, was a member of a branch of the said company called its relief department, and that he received a certificate of membership entitling his widow, as a beneficiary, to receive a sum of money in case of his death, and providing that the acceptance of such sum should operate as a release of all claims for damages which could be made by his heirs, executors or administrators.

That after the death of said decedent the company paid the sum named in the certificate to the widow, which she accepted.

The court held this plea to be bad; that the damages, when recovered, were to be distributed among the widow and next of kin, in whose favor the statute created a right, and that the act of the widow could not deprive the other next of kin of their right of action. The opinion concluded by saying that if the membership in the relief fund had provided for the payment of the sum named to all persons who, under the statute, had the right of recovery in the event of his death, the acceptance of such sum by them might have operated as a bar upon the doctrine of estoppel.

In *Waldo* v. *Goodsell,* 33 *Conn.* 432, the husband died from his injuries before he made any settlement with the defendant, and the wife, who was the next of kin, also died before suit was brought. The Connecticut court recognized a vested right in the wife, on the death of her husband, to the damages, and held that the right to such damages on her death went to her heirs, and not to the heirs of her husband.

These cases, we think, fully support the proposition that where the right of action exists in the injured party at the time of his death, where he has done no act to bar a suit by himself if he had survived, there the right of action, under the statute, is a vested right in those who are the beneficiaries.

This must be accepted as the rule in this state under the decision of the Court of Errors and Appeals in *Cooper* v. *Shore Electric Co.,* reported in 34 *Vroom* 558.

That was an action brought by Cooper, as administrator of Lessie Madison, deceased, against the defendant for causing the death of said Lessie by negligence.

Pending the suit, the father, who was the beneficiary, died.

Mr. Justice Depue, in delivering the opinion of the court, held "that the pecuniary injury to be compensated for is that of the widow or persons who are next of kin at the time of the death of the deceased, and that the cause of action created by the statute inures to such persons as a vested right. By this statute a property right is created in the beneficiary of such a nature as under the ruling in *Noice* v. *Brown,* 10 *Vroom* 569, would give the action the quality of survivorship, and take it out of the maxim *actio personalis moritur cum persona.*"

The wrongful act in this case was such as would have entitled the injured person to maintain an action if death had not ensued, and therefore a right of action on his death vested by force of the statute in the plaintiff. That vested statutory right cannot be defeated by the release of Nora McKeering, nor by her acceptance of the provision under the relief fund. No act on her part, unauthorized by the other next of kin, can bar their right of recovery.

Whether the trial court, in case the plaintiff recovers in this suit, should control the judgment so that the share thereof of Nora McKeering, as one of the next of kin, will be held for the benefit of the defendant company, by reason of the payment made to her under the relief fund, need not now be considered.

On the demurrer to the plea there must be judgment in favor of the plaintiff, with costs.