CHARLES M. McDERMOTT, receiver,

v.

WILLIAM WOODHOUSE, JR., et al.

[Submitted October 3d, 1916.   Decided October 17th, 1916.]

1. On motion to strike out a bill for want of jurisdiction, the allegations of the bill must be taken as true.

2. In a case of actual fraud, as shown by the bill, the contract between the corporation and its promoters could not shield the stockholders from responding to creditors.

3. Unpaid stock subscriptions are collectible by a receiver after insolvency, and are not dependent on adjustment of equities between stockholders.

4. A judgment in personam can be rendered only on personal service of a defendant, therefore an action to recover unpaid stock subscriptions of a resident of New Jersey cannot be brought in New York even if that state is the corporation's domicile.

---

On motion to strike out bill.

Mr. James J. McGoogan, for the complainant.

Messrs. Vredenburgh, Wall & Carey, for the defendants.

BACKES, V. C.

This is a motion to strike out a bill for want of jurisdiction. The object of the bill is to recover unpaid stock subscriptions of an insolvent foreign corporation by a receiver appointed by this court. The objection to the bill is that such proceedings can

only be taken in the domicile of the corporation and by a receiver there appointed.

The bill discloses this state of facts:   The Lakewood City Development Company, a New York corporation, was declared insolvent by this court, and the complainant was appointed receiver.   The company was formed under the laws of the State of New York with a capital stock of $150,000, divided into one thousand five hundred shares of the par value of $100 each, for the purpose of conducting a general real estate business, and particularly to acquire and subdivide into building lots about six hundred acres of unimproved and barren land near Lakehurst, Ocean county, in this state.   One of its promoters sold this land to the company for $184,500, receiving in consideration its promissory note for $35,000 and capital stock of the company amounting to $149,500.   Five hundred of these shares were subsequently returned to the treasury and the remaining shares were divided between and are held by the defendants. The land conveyed was not worth more than $4,500, although the board of directors of the company appraised it at a valuation of $184,500.   Claims to the amount of $54,573.48 have been presented to the receiver, of which $27,586.49 have been allowed, and the balance is disputed.   The receiver has collected $363.19, and there are no other available assets except the unpaid stock subscriptions.   The pertinent statutes of the State of New York (which are set forth in full in the bill) provide that the shareholders in such a corporation shall be liable to the creditors thereof to an amount equal to the amount unpaid on the stock held by such shareholders for the debts of the corporation contracted while such stock was held by said shareholders; that capital stock may be issued for property purchased by such corporation, and in the absence of fraud in the transaction, the judgment of the board of directors as to the value of the property purchased shall be conclusive, and further, that when a receiver of the assets of such a corporation has been appointed, all unpaid subscriptions to the capital stock of such corporation be paid to such receiver and at such times and in such installments as he or the court appointing him shall direct.   Upon this motion the allegations of the bill must be taken as true, and upon

that assumption it is manifest that the directors of the company perpetrated an actual fraud and that their contract with the promoters to purchase the land with stock at so grossly inflated figures cannot shield the stockholders from responding to the creditors to the amount of their holdings, sufficient to meet the debts of the company. *Easton National Bank* v. *American Brick, &c., Co., 70 N. J. Eq. 722; Holcombe* v. *Trenton White City Co., 80 N. J. Eq. 122.* In a going concern stock subscriptions are collectible by the company only and in the manner provided by statute or the by-laws of the corporation. Upon insolvency the incurred obligations pass to the receiver as a fund for the benefit of creditors. The liability is contractual, based upon an express promise and may be enforced by the company or the receiver in any court of common law having jurisdiction of the person of the debtor. *Lewisohn* v. *Stoddard, 78 Conn. 575; Flash* v. *Connecticut, 109 U. S. 371; Whitman* v. *Oxford National Bank, 176 U. S. 559; Stoddard* v. *Lum, 159 N. Y. 265; Howarth* v. *Angle, 162 N. Y. 179.* There is a line of authorities holding that when the liability is purely statutory, and the measures to enforce it are prescribed, the remedy provided is exclusive; but this case does not come within the class. Here, the liability is founded in common law principles, voluntarily incurred under and fixed by a statutory scheme for the formation of corporations, and may be recovered like any other debt in any court of competent jurisdiction. Upon the appointment of the complainant as receiver, these choses in action in this state passed to him as completely as the more tangible assets located here, and his right to sue for the unpaid stock is in nowise dependent upon an adjustment of the equities between the stockholders by the court of the domicile, as claimed by the moving defendant. The equities of the parties will be ascertained upon the hearing and fixed by the final decree—a matter with which we have no concern upon this motion, which presents the single question whether this action will lie.

It may be added, as respects the moving defendant, who is a resident of this state, that an action against him in New York would be of no avail. A judgment *in personam* can only be had upon personal service. *Pennoyer* v. *Neff, 95 U. S. 714.*

The motion will be denied, with costs.