ADDISON H. GIBSON, assignee of Compania Petrolera de Tepetate, S. A., (a corporation created by and existing under the laws of Mexico), *v.* E. NEAL GILLESPIE and JOSEPH F. GUFFEY.

(*December* 2, 1927.)

HARRINGTON, J., sitting.

*Caleb S. Layton* (of Marvel, Layton & Morford) for plaintiff.

*Aaron Finger* and *Charles F. Richards* for defendants.

Superior Court for New Castle County, No. 218, September Term, 1926.

HARRINGTON, J., delivering the opinion of the court:

Whatever the rule in equity may be, the statute of limitations must always be pleaded at law, and that defense cannot be raised by demurrer. 37 *C. J.* 1204; *Woolley on Del. Pr.,* § 513; *Whitaker v. Parker,* 2 *Harr.* 413, 416; *State, Use of Parker, v. Whitaker,* 4 *Harr.* 527, note.

In *Woolley on Del. Prac., supra,* Judge Woolley said:

"The defense of the statute of limitations is a personal privilege of which the party, in whose favor it operates, may take advantage, or not, as he desires, but to be of avail it must be pleaded."

The same principle has been applied to the Statute of Frauds. *Schwartzman v. Wilmington Stores,* 2 *W. W. Harr.* (32 *Del.*) 362, 123 *A.* 343.

Nor would a judgment be arrested or reversed for error, though the fact that the cause of action upon which it was based · was barred by the act of limitations, appeared on the very face of the record. *Woolley on Del. Prac.,* § 531; *State, Use of Parker, v. Whitaker,* 4 *Harr.* 527, note.

The same rule would, also, apply to a plea, and if the debt referred to in the plea of set-off in this case is barred by the statute of limitations, that fact may be set up in a replication to that plea. As the filing of the plea of set-off cannot, therefore, result in any delay in the trial of this case, the application of the defendants to amend is granted.