CECIL H. McMAHON, trustee in bankruptcy of Alpha Chemical Works, Incorporated, complainant-respondent,

*v.*

LESTER C. BURDETTE and GEORGE F. BURDETTE, defendants-appellants.

[Argued May 28th, 1931. Decided October 19th, 1931.]

*Mr. Merritt Lane,* for the appellants.

*Mr. David H. Bilder* and *Mr. Walter J. Bilder,* for the respondent.

The opinion of the court was delivered by

CAMPBELL, J.

The bill in the present case was filed by the trustee in bankruptcy of a Delaware corporation for the purpose of requiring repayment to him, for the benefit of the estate of the bankrupt, of alleged improper and excessive payments by it to the defendant below, Lester C. Burdette, its president, and others.

Lester C. Burdette was the president and a director of the company and George F. Burdette and Robert Von Cleff were directors. All of these were made parties defendant and an accounting by them was prayed for.

The corporation was engaged in the manufacture of chemicals which were in demand during the World War, and at the termination of that conflict its business collapsed, as did that of many other concerns of a like character, and the corporation was adjudged bankrupt about three months after the Armistice.

Lester C. Burdette, as president of the company, had received compensation at $300 per month up to and including October, 1918, and $500 per month for the succeeding three months. This was authorized by resolution of the board of directors.

The company leased offices in New York City at a rental of $300 per month. These offices were in part occupied by law firms of which Lester C. Burdette was a member.

In October, 1918, Lester C. Burdette caused to be formed a corporation known as the Bradette Corporation, to which the bankrupt company paid some $2,500, without consideration, as is alleged.

A decree was advised in the court below requiring appellants to repay to the trustee-complainant $600 of the salary paid to Lester C. Burdette, for the months of November and December, 1918, and January, 1919; one-half of the rental paid for the New York offices and the $2,500 paid to the Bradette Corporation, less any credits to which they might be entitled against the first two sums, to be established before

a special master. The decree further requires the appellants to pay the cost of the proceedings and a counsel fee to counsel of complainant in the amount of $1,000.

The first ground of appeal is that the court of chancery was without jurisdiction in that the exercise of visitorial powers over the internal affairs of a foreign corporation was called for.

We find that this is not so. The proceeding was, in fact, a suit by the corporation itself, through its trustee in bankruptcy, against an officer and directors to compel restitution of funds of the company said to have been illegally paid and expended.

The second ground of appeal is that there was error in finding that the payment of the salary to Lester C. Burdette, as president, of $600 per month for the last three months was excessive to the extent of $200 per month as such finding was not warranted by the proofs.

The conclusion that we have reached is that such finding is not warranted. It must be kept in mind that the business of the corporation was entirely dependent upon the continuance of the war; when that ceased the demand for its products ended; and failure of financial success brought about by the Armistice is no measure to guage the reasonableness of the compensation of its officers and particularly when it is taken into consideration that Lester C. Burdette, its president, devoted all his time and energies to the business of the company.

The third ground is that the finding that the appellants should repay one-half of the rental of the New York offices is not warranted by the proofs.

With this contention we are also in accord. It is true that the proofs establish that, during the period involved, Burdette had two different law partners, and that the offices were occupied by these law firms as well as by a stenographer in the employ of the company, but it further appears that the business of these firms of lawyers was negligible and, as a matter of fact, their business was that for and on behalf of the company for which no charge was made. Further,

it is not shown that offices of the kind and class actually rented and paid for were not necessary for the proper conduct of the business of the corporation or that proper and suitable offices could or should have been obtained at a lesser rental.

We conclude that in this particular the decree is erroneous.

The fourth ground for reversal is that the decree is erroneous in requiring the appellants to account for the sum of $2,500 paid to the Bradette Corporation.

We find that this ground is not supported by the proofs which are clear in showing that the Bradette Corporation performed no actual services for the bankrupt company, but, on the contrary, that it was incorporated, and the contract made with it and the payment to it of $2,500 made thereunder solely for the benefit of one Brady, father-in-law of Lester C. Burdette, who had furnished considerable sums of money to the bankrupt company.

The fifth ground of appeal is that it was error to refuse to permit Lester C. Burdette to offer proof of moneys he had paid because of endorsements of the notes of the company as an offset against any repayment required of him.

We find no error in this direction.

The last ground for reversal is that it was error to require payment of interest upon the sums to be refunded and payment of costs and counsel fees.

We find no error in this respect and particularly as the result reached by us leads to an affirmance of that part of the decree only which relates to the payments to the Bradette Corporation.

This leads to a modification of the decree under review in that those portions decreeing repayment of salary of Lester C. Burdette and repayment of a portion of office rental in New York are reversed and that portion thereof requiring repayment of the moneys paid to the Bradette Corporation, with interest and costs of the proceeding and counsel fee is affirmed, with costs.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, WELLS, JJ. 13.