PETER BENTLEY, RECEIVER OF BRADLEY HOTELS SYSTEM, INCORPORATED, A CORPORATION, PLAINTIFF, v. RUSSELL COLGATE, S. BAYARD COLGATE AND ADELBERT A. KENYON, EXECUTORS OF THE LAST WILL AND TESTAMENT OF AUSTEN COLGATE, DECEASED; CORBETT McCARTHY, CLARENCE E. F. HETRICK, CLINTON G. HOLDEN, J. HERBERT REID, WALTER W. REID, JR., MORELAND B. SORIA, WILLIAM A. SMITH AND HARRY A. WATSON, DEFENDANTS.

Decided November 23, 1932.

For the plaintiff, *Herbert Clark Gilson.*

For the defendants, *Merritt Lane.*

ACKERSON, S. C. C.  The original complaint in this action was stricken as defective under rule 39 of this court, and the amended complaint is now before me upon a motion to strike it out upon several grounds, some of which will be hereinafter noticed.

The amended complaint is by the receiver of a foreign corporation against its directors to recover damages for their alleged negligence in the conduct of the corporate affairs. It alleges in substance the appointment of the plaintiff as receiver of the Bradley Hotels System, Incorporated, a Delaware corporation, by our Court of Chancery, and that said Bradley Hotels System, Incorporated, was incorporated on July 30th, 1923, on which day it became the owner of an option to purchase three tracts of land in Asbury Park, Monmouth county, New Jersey, which option was the only asset of the said company and at all times mentioned in the complaint, was of the value of $100,000, and at said times the defendants constituted the board of directors of said corporation.  Then follows the vital part of the complaint which is found in paragraphs 5 and 6, providing as follows:

5. On or about September 1st, 1924, there were certain persons ready, willing and able to purchase the said option for a sum sufficient to pay all of the claims of creditors of said corporation and to reimburse all of the stockholders for money paid for capital stock of said corporation, and the defendants then and there with knowledge thereof, paid the sum of $5,000 for, and obtained a renewal of the said option to November 1st, 1924.

6. At or about the time of the said renewal of the option on September 1st, 1924, the said defendants *improperly* allowed one of the said directors, to wit, Clarence E. F. Hetrick, to *speculate* with the said option and *to try to make a profit for himself by raising capital to build a hotel* on the property mentioned in the option, and the defendants failed and neglected to sell the said option or to take any action whatsoever in connection with the said option, from that time to the expiration thereof; and as a result of the conduct of the defendants as aforesaid, the said option lapsed

and expired, and it thereby became wholly lost to the corporation, to wit, on November 1st, 1924.

One of the objections to the sufficiency of the amended complaint is that it is irregular, indefinite, defective and so framed as to embarrass or delay a fair trial, therefore, open to attack under rule 39 of this court. This is the equivalent of a special demurrer at common law.

In the first place it is apparent that the clause in paragraph 6 reading: "Defendants improperly allowed one of the said directors * * *, to speculate with the said option," is a bare conclusion of the pleader and it is not supported by pleaded facts, for what follows is not tied up to the alleged speculation because of the use of the conjunctive "and." This conjunctive merely makes the following statement in paragraph 6 a second independent charge of alleged improper conduct on the part of the defendant directors. This latter charge, however, is too indefinite and uncertain to support an action for negligence.

While the directors of a corporation are required to exercise ordinary and reasonable care, such as a reasonable, prudent, careful and skillful man exercises in the conduct of his own affairs, nevertheless they are not liable for losses happening through mere mistakes of judgment, and questions of policy of management, of expediency of contract or action, of lawful appropriation of corporation funds to advance corporate interests are left solely to the honest decisions of the directors, if their powers are without limitation. 14a *C. J.* 102, § 1896, and *Merriman* v. *National Zinc Corp.,* 82 *N. J. Eq.* 493; 89 *Atl. Rep.* 764.

With this principle as a guide we must remember that an option to purchase real estate is not ordinarily acquired for the purpose of sale, but to hold open the opportunity of purchasing real estate for future acceptance by the one to whom the option is given. So the mere failure to sell the option would not impose liability upon the defendant directors, because presumably the option was taken to further the objects of the corporation, and it certainly was a question of corporate policy as to whether the directors should rely upon one

co-director's ability to turn the option to the corporation's advantage or to dispose of it. An honest mistake of judgment in this respect, while regrettable, would not be legally censurable. It is not alleged that the director in question did make a profit for himself in connection with said option nor is it clear for whom he was endeavoring to raise capital with which to build a hotel on the property covered by the option. For all that appears it may have been for the Bradley Hotels System, Incorporated, of which the defendants were directors. The business of this company is not stated in the complaint, which adds to its indefiniteness. The name of the company would seem to indicate that it was intended to engage in the business of building and operating hotels. If this is true, then in endeavoring to raise capital with which to build a hotel on the property, this particular director was endeavoring to accomplish an object of the company's creation, and from all that is alleged in the complaint, it cannot be said that the directors were not justified in retaining the option for the purpose of endeavoring to accomplish the object thus undertaken. Even if we assume that the director Hetrick was endeavoring to raise capital for some third party to build a hotel on the property, nevertheless, this may have been to the advantage of his corporation. The difficulty with the complaint is that there is no allegation as to what the arrangement was between the defendant directors and said Hetrick with respect to this option. There is no statement as to what Hetrick had promised to do in connection therewith nor that any agreement was made whereby the option was to be allowed to lapse for the benefit of said Hetrick or for anyone he might represent. No facts are alleged upon which to base a conclusion as to whether the defendant directors acted with reasonable judgment, or whether they were negligent.

Furthermore, it is to be noted that, while it is alleged that at the time of the last renewal of the option in question, on September 1st, 1924, there were certain persons ready, willing and able to purchase the same for a sum sufficient to pay all the claims of creditors of said corporation and to

reimburse all of the stockholders, nevertheless, it is not alleged that there were such persons ready, willing and able to purchase the option at the time when the option expired two months later on November 1st, 1924. Certainly the directors having renewed the option on September 1st, 1924, for a period of two months, were not required to immediately sell the same, in order to escape a charge of being negligent.

Sufficient has been said to show that the complaint is defective under rule 39, and furthermore, excluding the conclusions therein, it undoubtedly fails to set forth a legal cause of action.

While this disposes of the motion adversely to the plaintiff, nevertheless, I feel that we should notice two other objections to the complaint.

The first of these is that the court has no jurisdiction of the action:

"Because it appears that the corporation, of which the plaintiff is receiver, is a corporation of the State of Delaware and that the plaintiff is a receiver appointed by the Court of Chancery of the State of New Jersey, and it does not appear that the receiver is acting in an ancillary capacity nor does it appear from the complaint that the plaintiff has right or title to the cause of action or is in any position to assert said right or title, and because it appears that the suit involves the internal affairs of a foreign corporation over which the New Jersey Supreme Court has no jurisdiction, and because it appears that a judgment against the defendant would not bar a further recovery either by the corporation or by a receiver appointed by the courts of Delaware."

The questions thus raised, however, have been put at rest in this state adversely to the contention of the defendants, by the case of *Atwater* v. *Baskerville,* 89 *N. J. Eq.* 121; 104 *Atl. Rep.* 310; *affirmed,* 90 *N. J. Eq.* 275; 106 *Atl. Rep.* 369, where the courts in dealing with an action by the receiver of a foreign corporation against its directors, said, *inter alia:*

"He [the receiver of a foreign corporation] has the power to institute such actions as may be necessary to recover, for

the creditors and stockholders' assets, legal or equitable, within this state, and to *enforce such obligations of persons over whom jurisdiction* can be obtained *in this state which the corporation or its creditors might have enforced.* I do not think that the suit will affect the *internal management* of the affairs of the corporation within the sense used by the Court of Errors and Appeals in *McDermott* v. *Whoodhouse,* 87 *N. J. Eq.* 124; 99 *Atl. Rep.* 103, or in *Jackson* v. *Hooper,* 76 *N. J. Eq.* 592; 75 *Atl. Rep.* 568; 27 *L. R. A.* (*N. S.*) 658."

See, also, *McMahon* v. *Burdetle,* 109 *N. J. Eq.* 84; 156 *Atl. Rep.* 420; *Busch* v. *Mary A. Riddle Co.,* 92 *N. J. Eq.* 265; 114 *Atl. Rep.* 348. For an instructive case see *Loan Society of Philadelphia* v. *Evanson,* 241 *Pa.* 65; 88 *Atl. Rep.* 295, cited in 14A *Corp. Jur.* 151, note 92.

Since the present action is to enforce alleged negligence of directors over whom jurisdiction can be and has been obtained in this state which the corporation or its creditors might have enforced, it is apparent that this court has jurisdiction of the matter, and the complaint cannot be stricken upon that ground.

The last objection to the complaint which we shall notice is that it appears that the statute of limitations has run against the cause of action set forth in the complaint. It is unnecessary to consider this objection further than to say that such an infirmity cannot be raised by a motion to strike but only by answer in the nature of a plea. *Callan* v. *Bodine,* 81 *N. J. L.* 240; 79 *Atl. Rep.* 1057; *Wright* v. *Kroydon Co.,* 154 *Id.* 195.

Inasmuch as the complaint must be stricken out for the reasons hereinabove first stated, it is unnecessary to consider further objections raised by the defendants.

An order may be presented in accordance with the conclusion thus reached.