KAROLINE KNABE, EXECUTRIX, ETC., OF PAUL KNABE, DECEASED, APPELLANT, v. HUDSON BUS TRANSPORTATION COMPANY ET AL., RESPONDENTS.

Submitted May 26, 1933—Decided September 27, 1933.

For the appellant, *Nathan Baker*.

For the respondents, *Ralph P. Messano*.

The opinion of the court was delivered by

PARKER, J. The fundamental point before us is the same as that decided by the Supreme Court in *Coulter, Administrator,* v. *New Jersey Pulverizing Co.,* 11 *N. J. Mis. R.* 5. Appellant is executrix of the will of her husband and sues for damages under the statute for a wrongful act causing his death. Judge Brown sitting as commissioner, ordered the complaint struck out because deceased had not himself brought suit within two years; and final judgment was entered for defendants.

The complaint averred facts indicating an injury to appellant's testator on January 12th, 1927, through negligence of defendants; that he died July 3d, 1930, over three years later; that he left certain next of kin; and that the present action (begun June 29th, 1932) had been commenced within the statutory two years from his death. Defendants moved to strike out the complaint as not disclosing a cause of action, "in that the action is barred by the statute of limitations in such case made and provided for."

No further indication appears as to what statute is intended; but no objection was made to the notice on that ground, nor was the point taken that a statute of limitations must be pleaded and cannot at law be invoked by demurrer, or motion tantamount to demurrer. *Callan* v. *Bodine,* 81 *N. J. L.* 240 (Supreme Court rule 58); *Bentley* v. *Colgate,* 10 *N. J. Mis. R.* 1222, 1227; 163 *Atl. Rep.* 98; *Gibson* v. *Gillespie (Del.),* 143 *Atl. Rep.* 544; *Johnson* v. *Wells-Lamson Co. (Vt.),* 156 *Id.* 681; 37 *C. J.* 1204. But what was argued below, and is argued here, and what was decided in Coulter *v.* Pulverizing Co., is this: deceased having been injured more than two years before his death, and having brought no action within two years after the injury, that being the limitation laid down in section 3 of the act (*Comp. Stat., p.* 3164), and assuming that his death was due to the injury, did a right of action under the Death act vest in his executrix on his death?

We concur in the reasoning contained in the Supreme Court opinion in *Coulter* v. *New Jersey Pulverizing Co., supra,*

and think it supported by what was said in the two Supreme Court cases of *McKeering* v. *Pennsylvania Railway Co.,* 65 *N. J. L.* 57, and *Altzheimer* v. *Central Railroad Co.,* 75 *Id.* 424. In the McKeering case Mr. Justice Van Syckel said (at *p.* 61) : "These cases, we think, fully support the proposition that where the right of action exists in the injured party at the time of his death, where he has done no act to bar suit by himself if he had survived, there the right of action, under the statute, is a vested right in those who are the beneficiaries." The defense in that case was a settlement by the widow pursuant to a relief fund, without authority from the other next of kin. In the Atlzheimer case the situation was in a sense the converse of that now before us. The injured party had brought a suit within the two-year period, and that suit was pending at the time of his death. Mr. Justice Reed waived the present point as not before the court; but cited the Canadian case of Canadian Pacific Railroad *v.* Robinson, which is directly upon the point now under consideration.

We agree that where any right of action by the living party injured was barred by limitation before his death, the Death act does not create a right of action in the personal representative.

It seems to have been conceded both here and in the court below, that deceased had brought no suit within the two-year period after the accident. There is no suggestion of legal disability of the injured party, or removal from the state of the defendant, as tolling the statute. The whole matter has been treated on both sides as though an answer had been interposed, setting up that deceased died more than two years after his right of action accrued and without having brought any action, and that because of the statute no right of action remained to him at the time of his death. In technical strictness the court below should have denied the motion to strike out the complaint as improper, with leave to answer setting up the statute, and technically the judgment might be reversed here on that ground and the case sent back for that course of pleading : but as the point of practice has been

ignored by both counsel and the court below, and the meritorious question alone argued, we are content to decide that question as though arising on a proper record, and to point out the correct practice and the general importance of following it.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.