## UNITED STATES ex rel. BEJEUHR v. SHAUGHNESSY.

### No. 80, Docket 4446.

United States Court of Appeals Second Circuit.

Argued Oct. 13, 1949.

Decided Nov. 7, 1949.

Alexander Ackerson, New York City, attorney and counsel for Relator-Appellant.

John F. X. McGohey, United States Attorney, New York City, for respondent-appellee; William J. Sexton, Assistant United States Attorney, of counsel; Louis Steinberg, District Counsel, and Lester Fried-

man, attorney, Immigration and Naturalization Service, New York City.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The relator was born December 5, 1900, at Hamburg, Germany, and in 1928 entered the United States as a quota immigrant and has since continuously resided therein. After his arrival he applied for naturalization as a citizen. Prior to May 12, 1942, he was arrested as an alien enemy, and on May 12, 1942, was accorded a hearing in connection therewith. Pursuant to an order of the Attorney General dated July 2, 1942, he was interned as an alien enemy and is now confined at Ellis Island. The order was made under the provisions of 50 U.S.C.A. § 21 and Presidential Proclamations 2526 of December 8, 1941, 55 Stat. 1705, and 2655 of July 14, 1945, 59 Stat. 870. 50 U.S.C.A. § 21 and the Presidential Proclamations authorized the Attorney General to intern and remove all alien enemies "who shall be deemed by the Attorney General to be dangerous to the public peace and safety of the United States because they have adhered to * * * enemy governments or to the principles of government thereof * * *."

On May 10, 1946, the relator was accorded a hearing before a "Repatriation Hearing Board" after which an order was made by the Attorney General directing him to depart from the United States within thirty days after notification of the order, failing which the Commissioner of Immigration and Naturalization was directed to provide for the removal of the relator to Germany. Thereafter, he was notified of the order of removal and was released from custody for a period of thirty days to enable him to depart voluntarily. Having failed to depart from the United States within the period, he was again taken into custody and thereafter sued out the writ of habeas corpus dismissed by an order of the District Court, from which he has taken this appeal.

■ In United States ex rel. Kessler v. Watkins, 2 Cir., 163 F.2d 140, certiorari denied 332 U.S. 838, 68 S.Ct. 220, 92 L.Ed. 410, we held that the power of the Attorney General to deport resident alien enemies was not limited to "times of active hostilities" but continued—there, in the case of a German who was an enemy alien —until peace was formally made. The same view was taken by the Supreme Court in Ludecke v. Watkins, 335 U.S. 160, 68 S.Ct. 1429, 92 L.Ed. 1881. The relator attempts to distinguish these decisions although President Truman by Proclamation 2714, of December 31, 1946, 50 U.S. C.A.Appendix, § 601 note, declared that a "state of war still exists," and no treaty of peace or superseding Presidential Proclamation has been made, for the reasons that the former German Government has ceased to exist, a new German Republic has been formed, and the Honorable John J. McCloy has been appointed High Commissioner for Germany with a rank equivalent to that of ambassador and his nomination has been confirmed by the Senate.

■■ While, by Presidential Executive Order 10062 of June 6, 1949, 22 U.S.C.A. § 901 note, the High Commissioner is given certain powers of an ambassador, he is also made "the supreme United States authority in Germany," and military forces of our government continue to be retained there and are directed to receive instructions as to "necessary measures for the maintenance of law and order and such other action as is required to support the policy of the United States in Germany." We cannot suppose that such a status is the equivalent of a peace treaty with Germany which is well known to still be only in contemplation and is not thought by any one to be yet accomplished. In these circumstances it seems clear that under all the authorities, the state of war with Germany is not yet terminated and that the powers of the Attorney General to deport enemy aliens still remain. His decision was a complete answer to the relator's writ of habeas corpus. The question, like that in Ludecke v. Watkins, 335 U.S.160, 68 S.Ct. 1429, 92 L.Ed. 1881, is a political one not dependent on judicial review, and one which the Executive De-

partment has resolved against the contentions of the relator.

For the foregoing reasons the order dismissing the writ is affirmed.