7 N.J. Super. 517 (1950)
72 A.2d 348
ADOLPH FEIL, PLAINTIFF,
v.
ANTHONY SENISI AND ANGELO SENISI, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided March 13, 1950.
*518 Mr. Samuel A. Gennet, for plaintiff.
Mr. David Green, for defendants (Mr. Harry Rey argued the motion).
WM. J. BRENNAN, JR., J.S.C.
Defendant Angelo Senisi has moved to dismiss the second count of the complaint on the ground plaintiff's claim against him is barred by the statute of limitations, R.S. 2:24-2.
Plaintiff first urges that defendant may not raise this defense by motion but must plead it by way of answer to the complaint, citing Bentley v. Colgate, 10 N.J. Misc. 1222 (Sup. Ct. 1932). This rule of practice has been superseded by the new Rules of Civil Procedure. Rule 3:9-5 provides that "for the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." Under that rule, where it affirmatively appears on the face of the complaint that the action pleaded is barred by the statute of limitations the defense can be raised by motion to dismiss *519 under Rule 3:12-2(5) for failure to state a claim upon which relief can be granted. This has been the interpretation in the Third Circuit of the comparable Federal Rules of Civil Procedure. Continental Colleries, Inc., v. Shober, 130 F.2d 631 at 635 (Third Circuit 1942); Brictson v. Woodrough, 164 F.2d 107 (8th Circuit 1947); French v. U.S. Fidelity & Guaranty Co. (D.C.N.J.), decided by Forman, Jr., January 13, 1950, Civil Action No. 2302, 88 F. Supp. 714; and see Panhandle Eastern Pipe Line Co. v. Parish (10th Circuit 1948), 168 F.2d 238 at 240. It is an interpretation in complete accord with the intent and purpose of our new rules. It is clear that the defendant has the right to raise the bar of the statute of limitations by motion where the averments of the complaint supply the basis therefor.
Plaintiff then contends that the defendant was in active military service when the cause of action accrued and that under R.S. 2:24-26 (L. 1945, c. 167, p. 586, § 1) the action is timely because the period of such service from and after that date is not to be included in computing the two-year period of limitation under R.S. 2:24-2.
The alleged cause of action accrued August 30, 1947, and the action was brought one day over two years later. Defendant after a series of terms of military service commencing May 8, 1944, was discharged from the Army on May 30, 1947, but had re-enlisted on June 10, 1947, and was still on active duty outside the state on November 7, 1949, the date of the affidavit submitted by him on this motion.
R.S. 2:24-26 operates to toll the statute of limitations only as to parties in active military service "in time of war and six months thereafter." Defendant insists that the period of his military service from and after August 30, 1947, was not "in time of war" and was therefore includible in the computation of the period of the bar of the statute of limitations.
I hold that defendant's active military service was on August 30, 1947, and continued to be up to the commencement of this suit. "in time of war," and that no part of the time of such service is includible in the computation of the period of the bar. It is true that the shooting has long *520 since stopped as between this nation and its Axis enemies and that the President of the United States has by Proclamation proclaimed "the cessation of hostilities" effective 12:00 o'clock noon, December 31, 1946 (Presidential Proclamation No. 2714, December 31, 1946, 12 Fed. Reg. 1; U.S.C.A., Title 50, App., § 601, p. 152, P.P.). However, that proclamation was carefully phrased to recognize that a "state of war" still obtained on that date, and it still exists between the United States and the former Axis countries and can be ended only by some formal termination, probably by treaties of peace. United States v. Shaughnessy (C.C.A.2d 1949), 177 F.2d 436; Citizens Protective League v. Byrnes, 64 F. Supp. 233 (District Court, D.C., 1946); Frabutt v. New York, Chicago & St. Louis R. Co., 84 F. Supp. 460 (D.C. Pa. 1949). And, while not controlling, R.S. 1:1-2a (Laws 1942, c. 72, p. 314) is certainly pertinent. It provides:
"`Present war' and similar phrases
"Unless it be otherwise expressly provided or there is something in the subject or context repugnant to such construction, the following words, phrases and clauses, namely: `present war,' `present war emergency,' `the existing state of war,' `present defense emergency,' when used or named within this State in any manner whatsoever with relation to a period of time shall mean so long as the United States of American continues in the present wars with the Governments of Japan, Germany and Italy, or any of them, and until the making of a treaty or treaties of peace concluding all of said wars."
It follows that so long as we remain as a nation officially in a "state of war" military service will continue to be "in time of war." The realities of the day may suggest, as defendant urges, the necessity for reconsideration of the need or scope of R.S. 2:24-26 but that, of course, is a legislative and not a judicial province.
The motion to dismiss is denied.