20 N.J. Super. 292 (1952)
89 A.2d 734
JOSEPHINE LIBERA, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF JOSEPH J. WUNSCH, DECEASED, PLAINTIFF,
v.
WHITTAKER, CLARK & DANIELS, INC., A CORPORATION, DEFENDANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided June 17, 1952.
*293 Mr. Nathan Pearlman, attorney for the plaintiff.
Messrs. Lahey and Gockeler, attorneys for the defendant.
SPEAKMAN, J.C.C.
Plaintiff, administratrix ad prosequendum of the estate of Joseph J. Wunsch, brings this action under the statute for the benefit of the next of kin of the deceased claiming that decedent's death was due to the negligence of the defendant.
In its answer the defendant, decedent's employer, denies generally the essential allegations of the complaint and sets up four separate affirmative defenses to the action; the only one pertinent on this motion of the defendant for summary judgment is the fourth. In substance, it alleges that after December 26, 1949, the date plaintiff alleges that her decedent terminated his employment with defendant, and prior to his death, decedent executed a general release, under seal, in the usual form, releasing the defendant from all claims which he or his heirs had or could have against the defendant. Defendant claims that this release constitutes a bar to the present action and that judgment should accordingly be entered in its favor.
It appears from the pleadings and affidavits filed herein that decedent was employed by the defendant from November of 1926 to December 26, 1949. Thereafter he claimed that while working for the defendant, as aforesaid, he suffered injury to his lungs and respiratory system by reason of being exposed to a harmful type of dust and chemicals.
On June 24, 1950, decedent filed a petition for compensation with the Department of Labor and Industry, Division of Compensation and on July 31, 1951, after a hearing in the Division, one of the deputy directors dismissed the petition on the ground that no proof had been submitted that the petitioner had contracted any occupational disease then covered by the provisions of the workmen's compensation laws.
*294 It was further stipulated at the oral argument that decedent thereafter indicated his intention of commencing a common law action to recover damages for the alleged injuries and that defendant, through its authorized agent, offered to pay decedent the sum of $1,750 for a general release of all claims the decedent, his heirs, etc., had or could have against the defendant by reason of any cause whatever. Decedent, according to the stipulation, accepted the offer, executed a general release to that effect and caused it to be delivered to the defendant's agent. Before the matter could be processed for payment decedent died and defendant's agent was immediately notified thereof. Defendant notified decedent's representatives that as soon as proper administration papers were submitted the amount agreed upon would be paid. Thereafter, the sum of $1,750 was paid to the general administratrix of decedent's estate. The release just referred to is the one pleaded in bar of the present action subsequently instituted by the plaintiff.
Our statute, R.S. 2:47-1 (now N.J.S. 2A:31-1), is modeled after the English statute commonly known as Lord Campbell's Act. In view of the language of the act which provides that: "When the death of a person is caused by a wrongful act, neglect or default, such as would, if death had not ensued, have entitled the person injured to maintain an action for damages * * *" (italics added), it has always been held in this State that the action vested by the next section of the act in an administrator ad prosequendum or executor, as the case may be, is a derivative action. See Cooper v. Shore Electric Co., 63 N.J.L. 558 (E. & A. 1899); McKeering v. Pennsylvania R.R. Co., 65 N.J.L. 57 (Sup. Ct. 1900).
Thus, it has been held that if a person, during his lifetime, has failed to institute an action within the period limited by law, no action may be maintained under the statute after his death. Coulter v. N.J. Pulverizing Co., 11 N.J. Misc. 5 (Sup. Ct. 1932); Knabe v. Hudson Bus Transportation Co., 111 N.J.L. 333 (E. & A. 1933).
*295 In Read v. Great Eastern Rwy. Co., L.R. 3 Q.B. 555 (1868), quoted with approval in McKeering v. Pennsylvania R.R. Co., supra, the court of Queens Bench held that where the decedent, in his lifetime, accepted a sum of money in full satisfaction and discharge of all claims and causes of action against the defendant, such a release constituted a bar to a subsequent action for wrongful death brought under the English statute. Similarly in Dibble, Administrator v. N.Y. & Erie R.R. Co., 25 Barb. 183 (1857), (also quoted with approval in the McKeering case) the Supreme Court of New York adopted the same view. Ever since the adoption of the wrongful death statute it has been recognized in this State that where the deceased has done some act which at the time of his death barred him from bringing a suit for damages, his executor or administrator ad prosequendum is barred from bringing a suit under the statute. McKeering v. Pennsylvania R.R., supra. See also State, to the use of Melitch v. United Rys. & Electric Co. of Baltimore, 88 A. 229 (Md. Ct. App. 1913), and cases cited in 25 C.J.S., Death, sec. 47 indicating that this view is generally accepted throughout this country.
The only difference between the present case and those quoted with approval in the McKeering case, is the fact that the payment here was made after decedent's death to his general administratrix. This, however, cannot change the legal effect of his act of accepting defendant's offer to release the defendant for the sum of $1,750 and evidencing such acceptance by executing and delivering to defendant the release in question. At the time of his death he had done all he could do to release the defendant from liability and at that time there existed a binding and enforceable obligation against the defendant to pay the promised sum.
Under these circumstances it appears clear that the release pleaded in the fourth separate defense constitutes a bar to the present action. Accordingly, the motion of defendant for summary judgment is granted.