## McCloskey, Appellant, *v.* Snowden.

*Corporations — Foreign corporations — Internal management — Equity — Stockholder's bill.*

Where an act complained of in a stockholder's bill against a corporation affects the complainant only in his capacity as a member of the corporation, whether it be as a stockholder, director, president or other officer, and is the act of the corporation whether acting in stockholders' meeting, or through its agents, the board of directors, such action is the management of the internal affairs of the corporation, and in case of a foreign corpora-

tion the courts of Pennsylvania will not take jurisdiction, and it is immaterial that the visible, tangible property of the corporation is situate within the state.

*Corporations—Stockholder's bill—Equity—Refusal of corporation to act.*

The right of an individual stockholder to act for the corporation is exceptional, and only arises on a clear showing of special circumstances, among. which inability or unwillingness of the corporation itself, demand upon the regular corporate management, and refusal to act are imperative requisites; and the refusal by the corporate management must appear affirmatively to be a disregard of duty and not an error of judgment, a nonperformance of a manifest official obligation amounting to a breach of trust.

. Such a bill will be dismissed where the charges of fraud and collusion against the officials and former officials named as defendants are merely inferences from insufficient averments of facts. ·

Argued Jan. 20, 1905.    Appeal, No. 244, Jan. T., 1904, by plaintiffs, from decree of C. P. No. 1, Phila. Co., Sept. T., 1903, No. 4065, dismissing bill in equity in case of John J. McCloskey and Louis A. Levin v. A. Loudon Snowden et al.    Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. ' Affirmed.

Bill in equity for discovery, account and payment.

The bill, reciting that it was filed by complainants on behalf of themselves and all other stockholders of the Danville Bessemer Company, similarly situated, who might thereafter intervene and become parties, averred :

1. That each of the complainants was the owner of 200 ·shares of stock of the Danville Bessemer Company, on which each had paid the full original par value of $5.00 per share.

2. That A. Loudon Snowden, Charles A. Porter, Kennedy Crossan and Ludwig S. Filbert promoted and organized the Danville Bessemer Company.

3. That they caused to be chosen as directors˙ of the company certain individuals controlled by themselves.

4. That they caused the board of directors to pass a resolution authorizing the purchase from Frank Samuel, of the plant of the North Branch Steel Company, for the sum of $600,000 ; that in point of fact said Samuel was not the owner of the property, but the said promoters had, in anticipation of the purchase of the same by the Danville Bessemer Company, obtained an option on it for a price not exactly known to complainants, but which complainants aver did not exceed the sum

of $275,000, and that in furtherance of this scheme a conveyance was procured from the North Branch Steel Company to Samuel for a consideration expressed in the deed as $1.00 and which complainants aver did not exceed $275,000; and upon the same day, by a second deed, the said property was conveyed by Samuel and wife to the Danville Bessemer Company, for the consideration of $600,000, and that the promoters divided among themselves the difference between the consideration paid to the North Branch Steel Company and the consideration paid by the Danville Bessemer Company.

5. Averred the death of Ludwig S. Filbert and the grant of letters testamentary to his executors, four of the defendants.

6. That complainants had no knowledge of the matters before set forth until within one month prior to the filing of the bill; that they made demand upon the officers and directors of the Danville Bessemer Company, naming them, to cause an action to be brought against the defendants in the bill, with which request the board of directors refused to comply.

The bill alleged that defendants, or some of them, are officers and directors of the Danville company and holders of a considerable portion of its stock, and are able through themselves and their friends to deprive bona fide stockholders of their rights.

The bill prayed:

1. Discovery from the individual defendants as to illegal profits secured by them. 2. An account. 3. Payment of the amount due to the Danville Bessemer Company or to a receiver. 4. That if necessary the court would appoint a receiver. 5. General relief.

The defendant corporation filed an answer to the bill and the individual defendants demurred.

The case was heard on the demurrers and the bill was dismissed on the ground that it related to the internal management of a foreign corporation, and that the Pennsylvania court was without jurisdiction.

*Error assigned* was decree dismissing the bill.

*Sidney E. Smith* and *John Douglass Brown*, with them *Thomas O. Peirce*, for appellants.—The court below had juris-

diction on the matter in controversy: Hayward v. Leeson, 176 Mass. 310 (57 N. E. Repr. 656); Cent. Trust Co. v. East Tennessee Land Co., 116 Fed. Repr. 743; Cent Trust Co. v. McGeorge, 151 U. S. 129 (14 Sup. Ct. Repr. 286); Ernst v. Rutherford, etc., Gas Co., 38 App. Div. 388 (56 N. Y. Supp. 403); Wineburgh v. U. S. Ry. Adv. Co., 173 Mass. 60 (53 N. E. Repr. 145); Richardson v. Clinton Wall Trunk Mfg. Co., 181 Mass. 580 (64 N. E. Repr. 400); Harding v. American Glucose Co., 182 Ill. 551 (55 N. E. Repr. 577); Kidd v. Traction Co., 72 N. H. 273 (56 Atl. Repr. 465); Bank of Virginia v. Adams, 1 Parsons, 534; Morris v. Stevens, 6 Phila. 488; Lungren v. Pennell, 10 W. N. C. 297; Neal v. Teel Mining Co., 51 Pitts. Leg. Jour. 233; Madden v. Electric Light Co., 181 Pa. 617.

Many of the authorities hold that no previous demand is necessary when a stockholder's bill discloses a state of facts which make it obvious that such a demand would have been futile.    They all hold that demand and refusal are sufficient to justify the filing of the bill: Wolf v. Penna. R. R. Co., 195 Pa. 91; Treat v. Penna. Mut. Life Ins. Co., 203 Pa. 21; Densmore Oil Co. v. Densmore Co., 64 Pa. 43.

*John G. Johnson*, with him *A. S. L. Shields*, for A. Loudon Snowden, Charles A. Porter and Kennedy Crossan, appellees.

The court had no jurisdiction of the complaint because it was an attempt to control the internal management of a foreign corporation: New Haven Horse Shoe Nail Co. v. Linden Spring Co., 142 Mass. 349 (7 N. E. Repr. 773); Bank of Virginia v. Adams, 1 Parsons, 534; Morris v. Stevens, 6 Phila. 488; Madden v. Electric Light Co., 181 Pa. 617.

The complainants were not entitled to relief because they had not exhausted their remedies within the corporation: Wolf v. Penna. R. R. Co., 195 Pa. 91.

The majority of the directors having no connection with the alleged fraud, were entitled to conclude the corporation by their refusal to institute legal proceedings.

*Hampton L. Carson*, for Ludwig S. Filbert, appellee.

*Alex. Simpson, Jr.*, with him *Francis Shunk Brown*, for Frank Samuel, appellee.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 24, 1905:
This bill is clearly one of interference in the internal management of a foreign corporation, and as such is not distinguishable from Madden v. Electric Light Co., 181 Pa. 617.

The bill sets up a case of fraud against the company which affects the plaintiffs solely in their capacity as stockholders in common with the others. Prima facie the proper party to seek redress for such a wrong is the corporation itself through its governing body, the board of directors. "The right of an individual stockholder to act for the corporation is exceptional, and only arises on a clear showing of special circumstances, among which inability or unwillingness of the corporation itself, demand upon the regular corporate management, and refusal to act are imperative requisites. And the refusal by the corporate management must appear affirmatively to be a disregard of duty and not an error of judgment; a nonperformance of a manifest official obligation amounting to a breach of trust:" Wolf v. Penna. R. R. Co., 195 Pa. 91.

The present bill charges that "your orators did make demand upon the present officers and board of directors of the said Danville Bessemer Company, who are, to wit: . . . . to cause an action to be brought in the name of the said Danville Bessemer Company against the defendants hereinbefore named to compel an accounting by said defendants of the profits made by them in the transaction hereinbefore recited or to authorize your orators to bring such action in the name and on behalf of the said Danville Bessemer Company, but notwithstanding the demand thus made by your orators said board of directors have declined so to do." But there is nothing in the bill to show breach of trust by the directors, or any acquiescence in fraud on their part. For all that appears it is merely a difference of views and judgment between the complainants as individual or minority stockholders and the constituted board of management of the corporate affairs. Of the nine officials named as the board of directors at the present time, only one is a defendant in the bill, charged as having taken part in the transaction complained of, and the charge against the others is sought to be inferred from the fact that three of them are related or in business connection with some of the promoters; the averment that the first officers who made the purchase complained of

were "none of them persons of independent or substantial interest in the business of the corporation," but were placed there "simply to do the bidding of said promoters without the exercise of any independent judgment in the matters which should be presented for official and corporate action ;" and finally that both the first and the present were mere "dummy boards" under the control of the promoters defendant. Such averments are wholly insufficient. What is said in Wolf v. Penna. R. R. Co., 195 Pa. 91, is very applicable here. "Passing by the subordinate questions . . . . the bill has no substantial foundation of fact to rest upon. It is filled with charges of fraud and collusion but they are charges as inferences from very insufficient averments of facts. If we take out what Chief Justice GIBSON called the vituperative epithets there is nothing left but the inference of fraud drawn from the general averment that the officers of the lessor company being elected by the vote of the stock held by the lessee are under the latter's influence." And again in the same case, "The defect of this charge is that it does not rest on any acts averred, but on an inference that by reason of the circumstances of their election, the directors will violate their duty and commit a breach of trust. There is no presumption that officers will commit a breach of trust; the charge should rest on some act, affirmative or permissive, manifestly in violation of duty, and manifestly the result of fraud and not of erroneous judgment."

In Madden v. Electric Light Co., 181 Pa. 617, it was held that "where the act complained of in a stockholder's bill against a corporation affects the complainant solely in his capacity as a member of the corporation, whether it be as a stockholder, director, president or other officer, and is the act of the corporation, whether acting in stockholders' meeting or through its agents, the board of directors, such action is the management of the internal affairs of the corporation ; and in case of a foreign corporation the courts of Pennsylvania will not take jurisdiction; and it is immaterial that the visible, tangible property of the foreign corporation is situate within the state." The present bill comes fully within this description.

Decree affirmed.