## The Loan Society of Philadelphia, Appellant, v. Eavenson, et al.

*Corporations—Foreign corporations—Equity jurisdiction—Officers and directors—Mismanagement—Discovery and accounting—Remedy at law.*

1. A Common Pleas Court in Pennsylvania has jurisdiction of a bill filed by a corporation of the State of Delaware against its former officers and directors, who are residents within the jurisdiction, to recover for losses alleged to have been sustained by the corporation by reason of the negligent and fraudulent acts of the defendants while officers of the corporation. Such a proceeding is not an interference with the internal management of a corporation within contemplation of the rule which denies jurisdiction to Pennsylvania courts.

2. In such case where, to afford relief, an accounting and discovery are necessary, the bill will not be dismissed on the ground that the plaintiff has an adequate remedy at law.

Argued March 25, 1913. Appeal, No. 407, Jan. T., 1912, by plaintiff, from decree of C. P. No. 1, Philadelphia Co., In Equity, Dec. T., 1911, No. 893, dismissing bill in case of The Loan Society of Philadelphia, a corporation of the State of Delaware, v. Marvin M. Eavenson, John Wills, J. Wesley Bowen, Franklin P. Dickinson, Samuel C. Mead, Charles A. Soars, S. D. Townsend, Jr., Charles H. Jacobs, Henry A. Fry, Samuel Davis, Joseph F. Cotter, Frederick B. Driver and Joseph E. Sagebeer. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Reversed.

Bill in equity against the former officers and directors of a corporation, charging mismanagement. Before MAGILL, J.

The opinion of the Supreme Court states the case.

The court made a decree dismissing the bill for want of jurisdiction. Plaintiff appealed.

*Error assigned* was the decree of the court.

VOL. CCXLI—5

66 LOAN SOCIETY, Appellant, v. EAVENSON, et al.

*Owen J. Roberts,* of *Roberts, Montgomery & McKeehan,* for appellant.—No action the court is asked to take would interfere with the internal affairs of this corporation: Cornell v. Seddinger, 237 Pa. 389; Machen v. Machen, Etc., Mfg. Co., 237 Pa. 212; North State Copper Co. v. Field, 64 Maryland 151; Madden v. Penn Electric Co., 181 Pa. 617; Great Western Mining & Mfg. Co. v. Harris, 111 Fed. Repr. 38; Babcock v. Farwell, 245 Ill. 14; Miller v. Quincy, 179 N. Y. 294; Ernst v. Rutherford, 38 N. Y. App. Div. 388.

The court would not usurp the functions of the courts of Delaware by taking jurisdiction in this case: State ex rel. Watkins v. North American Land & Timber Co., 106 Pa. 621; Richardson v. Clinton Wall Trunk Mfg. Co., 181 Mass. 580; Wineburgh v. United States Steam & Street Ry. Advertising Co., 173 Mass. 60; Aultman's App., 98 Pa. 505; Edwards v. Schillinger, 245 Ill. 231.

Unless a Pennsylvania court takes jurisdiction the plaintiff may be without a remedy: Miller v. Quincy, 179 N. Y. 294; Machen v. Machen, Etc., Mfg. Co., 237 Pa. 212.

The authorities in Pennsylvania do not support the court's dismissal of the bill: Madden v. Penn Electric Light Co., 181 Pa. 617; McCloskey v. Snowden, 212 Pa. 249; Kelly v. Thomas, 234 Pa. 419; Machen v. Machen, Etc., Mfg. Co., 237 Pa. 212.

*C. S. Wesley,* of *Tustin & Wesley,* for appellees.— Pennsylvania courts are without jurisdicuion of this bill: Kinter v. Connolly, 233 Pa. 5; Kelly v. Thomas, 234 Pa. 419; Madden v. Electric Light Co., 181 Pa. 617; McClosky v. Snowden, 212 Pa. 249.

The complainant has an adequate remedy at law: Great Western Co. v. Harris, 110 Fed. Repr. 38.

OPINION BY MR. JUSTICE MESTREZAT, May 12, 1913:

The Loan Society of Philadelphia is a corporation chartered September 3, 1908, under the laws of the State

of Delaware with authority to loan money on collateral security. Its principal place of business is in the City of Philadelphia where, since its organization, the society has carried on the business for which it was incorporated. On December 7, 1911, it filed this bill in equity against the defendants, seven of whom appeared and filed answers, one filed a demurrer which was sustained, and Mead and four others filed neither demurrer nor answer to the bill. The answers substantially admitted the material facts averred in the bill but denied negligence or intent to defraud, and alleged that the transactions described in the bill were carried on by the defendant, Mead, as general manager, without the knowledge or consent of the respondents. Issue was joined as to the seven defendants who filed substantially the same answer, and the case was heard on the bill, answers and replication.

The bill is quite lengthy and sets forth in detail the charges against the defendants for which relief is sought. The substance of the averments is contained in the clause preceding the prayer for relief and is as follows: "The plaintiff charges that the defendants have acted negligently in some regards, and in other respects they acted fraudulently, in their capacity of directors of the said corporation; that solely due to their negligence and fraudulent conduct, the said corporation has lost from August 31st, 1908, to August 31st, 1911, the sum of $137,196.53, for which sum the defendants and each of them are in law responsible to the treasury of the plaintiff corporation." The prayers of the bill are: (a) for a decree declaring each of the defendants to be liable and accountable to the plaintiff for the sum of money which the court may find to have been lost and to have been fraudulently paid out by the neglect or connivance of the defendants; (b) for an account showing the amounts for which the defendants are liable, and a decree directing the payment of such sums to the plaintiff; (c) for discovery by each defendant of all sums

paid to him by the plaintiff and of all matters appertaining to the transactions of the plaintiff during his incumbency as director; (d) general relief.

At the hearing the learned court below dismissed the bill on motion of defendants' counsel for the reason, as stated by it, "that we are without jurisdiction of the subject matter, the questions involved being questions which, in view of the court, must be decided almost entirely under the laws of Delaware, the corporation plaintiff being a Delaware corporation, and all the defendants having been formerly officers of the corporation." In other words, as held by the court in the opinion dismissing exceptions to its findings, to investigate the charges contained in the bill "would necessitate the inquiry by us as to whether the internal management of the affairs of this corporation was legal and proper. This in our judgment we have no right to do." The plaintiff has taken this appeal.

We do not agree with the learned court below in its conclusion that it did not have jurisdiction of the cause averred in the bill. We have frequently held and it may now be considered as settled in this State that our courts will not take jurisdiction of a case involving the internal management of a foreign corporation. In all matters relating merely to corporate management an injured party will be required to seek his redress in the domicile of the corporation. Our courts will not exercise visitorial power over corporations chartered in another state, nor will they interfere in any way in determining the rights or duties of the directors or officers of the corporation under the laws of a foreign jurisdiction. These are matters wholly within the jurisdiction of the courts of the state which create the corporation. If the facts averred in the bill disclosed that the plaintiff is seeking to control or interfere with the management of the corporation the rule just announced would apply and the decree dismissing the bill would have to be affirmed.

The relief sought in the bill, however, is not the control of the corporation or its officers, or the management of its internal affairs. In no proper sense whatever can the action be regarded as an attempt on the part of the plaintiff to have the court control or direct the affairs of the corporation. The corporation is the plaintiff and is seeking the relief asked for in the bill. It is duly registered in this State and is authorized to sue in this jurisdiction. The defendants against whom the corporation is proceeding are residents of the State, are within the jurisdiction of the court, and have been duly served. Any decree that may be entered against them can be enforced by the court. The suit is a proceeding to compel the defendants to account for losses sustained by the corporation by reason of their negligent and fraudulent acts while officers of the corporation. To enforce this relief the bill prays for an accounting and discovery. This, of course, involves an investigation of the management of the affairs of the corporation by the defendants while they were acting in their official capacity as directors. This investigation is necessary in order to establish the tortious acts of the defendants complained of in the bill and for which the corporation itself now seeks reparation. This is not, however, an interference with the internal management of the corporation within contemplation of the rule which denies jurisdiction to our courts. It does not seek to control or regulate the affairs of the corporation. It does not attempt to control the acts of any of the officials of the corporation. It does not seek to determine the rights of the stockholders among themselves or between them and the corporation. There is no attempt to test the right of any officer or director to his office or control his action in the performance of any official duty. The proceeding was instituted against the defendants after they had severed their connection with the corporation to compel them to account to the corporation for losses sustained while acting in their

official capacity as directors. This, as already observed, involves an investigation of the official conduct of the defendants as directors of the corporation, but it does not regulate or interfere with the management of the corporation. It seeks redress for the mismanagement and misfeasance of the defendants as directors, but it does not ask the court to control or regulate the management of the corporation.

This suit was instituted by the corporation itself to enforce redress for injuries which it alleges it has sustained by the wrongful acts of the defendants. If it were not for the fact that an accounting and discovery were necessary to afford the plaintiff full relief, the appropriate remedy would be an action at law. The defendants occupy the same position as any third party who has committed tortious acts resulting in injury to the plaintiff. In such case there could be no question as to the jurisdiction of the court. The plaintiff is authorized by the laws of this State to bring the action, and the defendants are all within the reach of the process of the court. The mere fact, however, that the plaintiff was required to go into equity instead of bringing an action on the law side of the court cannot oust the jurisdiction. The court has jurisdiction of the parties and may, therefore, enforce any decree or judgment entered against them. Hence, it is immaterial whether the suit is at law or in equity. The form of the action is not determinative of the jurisdiction.

There is every reason why the court should take jurisdiction in this case. The plaintiff corporation, though chartered in another state, has the right to sue in this State. The business of the corporation is carried on in this State. The defendants against whom relief is sought reside in this State. This is an action to enforce the common law liability of the seven directors, resident within the jurisdiction of the court, for mismanagement and misfeasance in conducting the affairs of the company. If jurisdiction is denied, it deprives the

corporation of all relief for the injuries which it alleges it has sustained by reason of the tortious acts of its former directors. The defendants reside in this State, are subject to the process of its courts, and no service can be had on them in Delaware, unless, by chance they may be served while temporarily in that state. The plaintiff is not required to take such chances in order to enforce its rights. It is no hardship on the defendants to be required to answer for their acts in the jurisdiction in which they reside. They might well complain if required to go to another state and defend against the claim. The plaintiff simply asks them to submit to the judgment of their own tribunals, and no sufficient reason, legal or equitable, has been shown why they should not do so.

We are not impressed with the argument of the appellees' counsel that the bill should be dismissed because the complainant has an adequate remedy at law, because the bill is multifarious, because there is no reason for an accounting, and because fraud is insufficiently averred. As intimated above, both discovery and an accounting are necessary to afford relief to the plaintiff, and hence an action at law will not furnish the plaintiff corporation an adequate remedy for the injuries it has sustained. The bill seeks to require the defendants to account for the losses which resulted from their negligent and fraudulent management of the plaintiff's affairs. The relief asked against all the defendants is the same and while acting in the same official capacity as directors of the corporation.

An examination of the cases cited and relied on by the learned court below to sustain its action in dismissing the bill discloses a misapprehension of the facts and of the decisions in those cases. In each case the bill was filed by a stockholder, and the visitorial powers of the court were invoked to give the plaintiff the redress he sought. In neither of the cases was the corporation the plaintiff seeking redress for wrongs or injuries sustained

by the misconduct of its former officers who were resident in the jurisdiction of the court.

The decree of the court below is reversed, the bill is reinstated, and a procedendo is awarded.