# Thompson, Appellant, *v.* Southern Connellsville Coke Co. et al.

*Corporations — Foreign corporations — Internal management— Visitorial power—Stockholder's bill—Equity—Words and phrases.*

1. The courts of this state will not take jurisdiction of a case involving the internal management of a foreign corporation, where the exercise of visitorial powers is requisite.

2. By "visitation of corporations" is meant the act of examining into their affairs.

3. A stockholder's bill cannot be maintained against a foreign corporation and three of its directors, where it is complained that the individual defendants had organized in their own interests another corporation to act as selling agent of defendant company, and had voted in favor of a resolution to create such agency in violation of the law of the state of incorporation of defendant company, and although another company had offered to act for less commissions.

4. Our courts will not construe a statute of another state relating to the internal management of corporations created in such state, and involving a broad question of its public policy.

5. Such construction, if it varied from that of the courts of the other state, might create an anomalous and confusing situation.

Argued February 1, 1921.    Appeal, No. 217, Jan. T., 1921, by plaintiff, from decree of C. P. Fayette Co., No. 989, in equity, dismissing bill in case of G. W. Thompson, stockholder of Southern Connellsville Coke Co. *v.* Southern Connellsville Coke Co. and Charles Detwiler et al.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ.    Affirmed.

Bill in equity for injunction.    Before VAN SWEARINGEN, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill.    Plaintiff appealed.

*Error assigned,* inter alia, was above decree, quoting it.

*H. S. Dumbauld,* with him *Sturgis & Morrow,* for appellant.—This case is ruled by Kelly v. Thomas, 234 Pa. 419.

*H. L. Robinson,* of *Umbel, Robinson, McKean & Williams,* with him *D. W. McDonald,* for appellees, cited: Madden v. Electric Light Co., 181 Pa. 617; McCloskey v. Snowden, 212 Pa. 249; Kinney v. Mexican Plantation Co., 233 Pa. 232; Hogue v. American Steel Foundries, 247 Pa. 12; Guthrie v. Harkness, 199 U. S. 149.

OPINION BY MR. JUSTICE SCHAFFER, February 21, 1921:

The bill in this case alleges that the defendant corporation is organized and exists under the laws of the State of West Virginia, that its corporate meetings are held, its business transacted and its records and money kept in Pennsylvania; that all of its incorporators, officers and directors have been and are citizens and residents of this State, and none of its stockholders reside in West Virginia; that it has no officer or agent in the latter state upon whom service of process can be made. The individual defendants are three of its directors and the plaintiff is a stockholder. Complaint is made that these three persons have organized another corporation for the purpose of buying and selling coal and coke, in which they are largely interested as stockholders; that at a meeting of defendant's directors, they, constituting a majority of the board, voted in favor of a resolution providing that the company which they had organized should act as selling agent for all of defendant's coal and coke, at a commission of five per cent on the selling price of the entire output, to be paid to the selling company, whether sales were made by it or not; and that this was done at a time when there was before them the proposition of another concern to sell defendant's products at a lower figure.

It is alleged that the resolution just recited is illegal and a fraud on the rights of the stockholders of defend-

ant corporation, the illegality consisting in the fact that, under the statutes of West Virginia, it is unlawful for a director to vote on any matter which comes before the board of directors in which he is interested other than as a stockholder. The bill prayed for an injunction restraining respondents from selling the products of defendant company, as provided in the resolution, and that such resolution be declared void. A demurrer was filed, the principal ground thereof being that the court had no jurisdiction of the bill, as the defendant is a foreign corporation and to grant plaintiff's prayers would involve interference with the management of its internal affairs. The court sustained the demurrer, and plaintiff has appealed.

The single question for determination is, whether the acts complained of involve the internal management of a foreign corporation. It is obvious that the resolution affects the complainant solely in his capacity as a stockholder of the corporation; and the illegality which he avers is that the three directors, in voting for the resolution, violated a West Virginia statute.

In Loan Society v. Eavenson, 241 Pa. 65, this court said: "We have frequently held and it may now be considered as settled in this State that our courts will not take jurisdiction of a case involving the internal management of a foreign corporation. In all matters relating merely to corporate management an injured party will be required to seek his redress in the domicile of the corporation. Our courts will not exercise visitorial power over corporations chartered in another state, nor will they interfere in any way in determining the rights or duties of the directors or officers of the corporation under the laws of a foreign jurisdiction. These are matters wholly within the jurisdiction of the courts of the state which creates the corporation."

To sustain his bill, plaintiff relies upon the case of Kelly v. Thomas, 234 Pa. 419. We fail to see how it avails him, as the rule against which his case breaks is

there reaffirmed in this language: "A Pennsylvania resident has no right to call upon the courts of his own state to protect him from the consequences of a voluntary membership in a foreign corporation. By the very act of membership, he entrusted his money to the management of a corporation owing its existence to and governed by the laws of another state. Without doubt courts of equity in Pennsylvania have jurisdiction to enjoin unlawful acts by such corporations but they have no jurisdiction as to their internal management...... Where the act complained of affects the complainant solely in his capacity as a member of the corporation, · whether it be as stockholder, director, president or other officer, and is the act of the corporation, whether acting in stockholders' meeting, or through its agents the board of directors, then such action is the management of the internal affairs of the corporation; and in case of a foreign corporation our courts will not take jurisdiction." The comfort which appellant would get out of the case under discussion is found in this further quotation from the opinion: "Where the foreign corporation was served and all the parties or property directly involved was within the jurisdiction of the court, if the actual exercise of visitorial powers is not requisite to the relief, the rule as to noninterference should be restricted and not carried further than is absolutely required by universal fixed rules of law; for, where possible, we should prevent its use as a cloak to cover apparent fraudulent conduct on the part of officers of foreign corporations to the prejudice of Pennsylvania stockholders." What was there said does not cover the present case, because it is not averred that all the property involved is within the jurisdiction of the court, and it is manifest that to grant the relief asked for, the exercise of visitorial powers would be requisite. Visitorial power is thus defined: "By 'visitation of corporations' is meant the act of examining into their affairs. The person authorized to make such examination is called the visitor.

The purpose of visitation is to supervise, direct and control the management of the corporation": 14 Corpus Juris, 341, article 2198.

The doctrine laid down in the cases heretofore cited was reannounced in Hogue v. American Steel Foundries, 247 Pa. 12, and had its origin, so far as this court is concerned, in Madden v. Penn Electric Co., 181 Pa. 617. What was said by Chief Justice MITCHELL in McCloskey v. Snowden, 212 Pa. 249, has pertinence in the pending case, "For all that appears it is merely a difference of views and judgment between the complainants as individual or minority stockholders and the constituted board of management of the corporate affairs."

No case can well be imagined which more clearly involves the internal management of a corporation than the one in hand. The plaintiff in his bill says that two selling companies made propositions to the defendant company to sell its product, and that a majority of the board of directors gave the preference to the company asking the larger commission on the sales; he asks a court of equity to investigate this transaction, and, if it finds it to be as stated, to declare it void. We can conceive of nothing more certainly supervisory over the management of the internal affairs of a corporation than review of such an act as this. Furthermore, we think the present case vindicates the rule we have laid down. We are asked to construe a West Virginia statute, regulating the internal management of corporations created in that state and involving a broad question of its public policy; our construction might not be in full accord with the views of the courts of that jurisdiction, in which event there would be presented to corporations there created, and doing business here, the anomalous and confusing situation that management in their home state is regulated in one way and here in another.

The learned chancellor was correct in sustaining the demurrer and dismissing the bill.

The decree is affirmed at appellant's cost.