Bailey et al. *v.* Ancient Egyptian Arabic Order Nobles of the Mystic Shrine of North and South America, etc., et al., Appellants.

6

Argued October 10, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Levi H. Morris* and *Reuben Singer,* for appellants.

*Raymond Pace Alexander,* for appellees.

OPINION BY DITHRICH, J., January 8, 1948:

When may a court of equity in the exercise of its discretion take jurisdiction of a bill affecting, incidentally, the internal management of a foreign corporation? Upon the answer to that question depends the right of appel-

lees to be reinstated to membership in the appellant fraternal order, a nonprofit corporation incorporated under the laws of the District of Columbia and having its principal office and place of business in Washington, D. C.

Appellees were officers and members of a subordinate lodge domiciled in Washington. They were suspended August 14, 1946, by letter from the "home" office of the individual appellant, who is a resident of Buffalo, New York. Five days later, to wit, August 19, 1946, the forty-fifth annual convention of the imperial council of the order convened in Philadelphia and continued in session until August 23, 1946.

On August 21, 1946, appellees filed their bill alleging their suspension was in violation of the constitution and by-laws of the parent organization, and prayed that the imperial council and the individual defendant be enjoined from interfering with their right of admission to and participation in the sessions of the imperial council, then assembled in convention, and for other and further relief. A preliminary injunction enjoining defendants from interfering with plaintiff William H. Bailey, in the exercise of his rights and privileges as a past imperial potentate of the council, and with the other plaintiffs as representatives of Mecca Temple #10, was issued. An attachment having issued for Raymond E. Jackson, individually and as imperial potentate and presiding officer of the imperial council, he appeared August 23, 1946, with counsel, a member of the Philadelphia bar, in the chambers of Judge SLOANE, the chancellor, with a view to having the attachment dissolved. No general appearance was entered for the defendants and no answer was filed, and finally, as stated in the opinion of the learned court below, "plaintiffs took judgment pro confesso . . . when defendants, through their then counsel, delayed and finally failed to file an answer to plaintiffs' bill . . ."

On petition of defendants, a rule was granted upon plaintiffs to show cause why the service of the bill

against the individual defendant should not be vacated and the judgment pro confesso against both the individual and corporate defendants should not be stricken from the record. Depositions were taken and after argument before a court en banc, the rule was discharged. Hence this appeal. It is based primarily on the fact, as found by the learned chancellor, that the defendant corporation was not doing business in this state; but that fact alone would not preclude the court from taking jurisdiction. The general rule is that while the courts of one state have the power to assume jurisdiction of actions by nonresidents against foreign corporations, they will not ordinarily interfere in controversies relating merely to the internal management of the affairs of the foreign corporation. 21 C. J. S. 116, Courts §77. But "The rule against interference . . . does not apply so as to prevent a court from granting relief against a foreign corporation . . . where it has jurisdiction of the parties and of the subject matter,[1] and the suit does not involve a mere regulation of the internal affairs of the corporation; *nor may the rule apply so as to preclude the granting of relief where the internal affairs of a foreign corporation are affected merely as an incident to the granting of such relief*": 20 C. J. S. 101, Corporations §1880. (Emphasis added.)

"The question is not strictly one of jurisdiction, but rather of discretion in the exercise of jurisdiction (citing Wettengel v. Robinson, 288 Pa. 362, 136 A. 673), and of convenience and expediency rather than power, the purpose of the rule being the protection of the foreign corporation": 20 C. J. S. 100, Corporations §1879. In *Wettengel v. Robinson,* supra, the Supreme Court said (p. 369):

"The question is, Should our courts exercise their jurisdiction under the circumstances of the present case? There is, as defendants argue, a well established princi-

---

[1] "*The subject matter of a suit,* when reference is made to questions of jurisdiction, means the nature of the cause of action, and the relief sought": 21 C. J. S. 46, Courts §35 (b).

ple that courts will not interfere in the internal management of foreign corporations, but, as is pointed out in the passage above quoted [from Cunliffe v. Consumers' Assn., 280 Pa. 263, 268, 124 A. 501], this principle is based on a rule of discretion; it rests, not on an actual lack of jurisdiction, but rather on policy which dictates a recognition of the want of power to enforce decrees made in such proceedings where, under the facts of any particular case, the power is lacking."

In the language of the Supreme Court in that case, we conclude that "The present case is one with which the court below could properly deal." The time and the place were both appropriate. Three of the plaintiffs were representatives of a subordinate lodge; the other, as heretofore stated, was a past imperial potentate of the council. In the premises they were entirely within their rights in invoking the aid of a court of equity to secure their reinstatement while the imperial council was still assembled in convention. Otherwise, they would have been deprived of any voice in the convention and Mecca Temple #10 would have been without any representation. We conclude that in the particular circumstances of this case power to enforce the decree was not lacking and that the learned chancellor did not abuse his discretion in taking jurisdiction of the bill.

As to the right of plaintiffs to enter a decree pro confesso in the absence of a general appearance for defendants, the record discloses that counsel for defendants stated in a letter to counsel for plaintiffs that he would "prepare an answer to the bill and file same" and requested and received a ten-day extension of time within which to file an answer. Under the authority of *Riker v. Kilinski*, 309 Pa. 188, 163 A. 526, the court below properly held that a formal appearance was not necessary. In the *Riker* case the court held that an agreement of counsel extending the time limit for filing an affidavit of defense in an action of trespass had the effect of a general appearance on the part of defendant's attorney.

The decree is affirmed.