Moore, Appellant, *v.* National Association for the Advancement of Colored People.

Argued December 5, 1966. Before BELL, C. J., MUS-
MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused May 18, 1967.

*Samuel Dashiell*, with him *Harold L. Randolph*, for appellants.

*William H. Brown, III*, with him *Norris, Brown and Hall*, for appellees.

OPINION BY MR. JUSTICE O'BRIEN, April 24, 1967:

The defendant-appellees, the National Association for the Advancement of Colored People, a nonprofit Corporation organized under the laws of the State of New York, pursuant to its corporate charter, constitution and by-laws, charters branches throughout the United States, one of these branches having been chartered in the City of Philadelphia, Pennsylvania.

In May of 1966, the National Association for the Advancement of Colored People decided to establish additional chapters in Philadelphia, as the National organization had previously done in other cities throughout the United States. On July 1, 1966, the

complaint in the instant action was filed on behalf of Cecil B. Moore, alleging that irreparable harm would result from the actions of the National organization, requesting that an injunction be issued ". . . restraining the National Association for the Advancement of Colored People from 'receiving, implementing or acting upon the question of the amending or revocation of the Charter of the Philadelphia Branch of the National Association for the Advancement of Colored People.' " The court below ordered and decreed a preliminary injunction be issued upon ". . . security being entered by the plaintiff in the sum of ($100) One Hundred Dollars." The Order further specified that ". . . upon the entry of said security, the defendant, National Board, National Association for the Advancement of Colored People and the National Office, National Association for the Advancement of Colored People, are hereby enjoined and restrained . . .", from doing specified acts. The court further ordered that upon the entry of this security that a hearing be held July 6, 1966 at 10:00 A.M. in Room 636, City Hall, Philadelphia, Pennsylvania, to determine whether or not the appellant's motion to continue the injunction should be granted. Following this order, appellant's attorney deposited a check in the amount of $100 with the Prothonotary.

On the hearing date of July 6, 1966, an affidavit of service on the appellees was filed with the prothonotary, this affidavit made by a James Willis Porter, indicating that on July 1, 1966, he served an agent for the National Association for the Advancement of Colored People, by handing a copy to the person in charge of the Tri-State Area Office, National Association for the Advancement of Colored People.

Appellees filed preliminary objections, alleging: (1) the lack of jurisdiction of the appellees and of the subject matter; (2) the appellees were not properly served; (3) the venue of the action was improper;

(4) the complaint was filed with the prothonotary subsequent to the time when the order was signed, and (5) the appellant has failed to exhaust adequate remedies available at law and within appellees' corporate organization.

On July 6, 1966, appellees' motion to dissolve the preliminary injunction was granted, the court being of the opinion that it would be an abuse of its discretion to exercise jurisdiction over the internal affairs of the foreign corporation. This appeal followed.

Appellant contends that: "It is settled law of this Commonwealth that where a foreign corporation, nonprofit or otherwise, does business within the borders of this state, it is subject to its law and equity jurisdiction." We have often said that we can assume jurisdiction over a foreign corporation which is doing business in this State. *Wettengel v. Robinson*, 288 Pa. 362, 136 A. 673 (1927). But, as we went on to say in that case: "There is . . . a well established principle that courts will not interfere in the internal management of foreign corporations, but . . . this principle is based on a rule of discretion; it rests, not on an actual lack of jurisdiction, but rather on policy which dictates a recognition of the want of power to enforce decrees made in such proceedings where, under the facts of any particular case, the power is lacking." As we said in *Madden v. Electric Light Co.*, 181 Pa. 617, 37 A. 817 (1897), pp. 620-621: "The Penn Electric Light Company is a New Jersey corporation created by another state, and subject to the corporation laws of that state. Its organization, corporate functions, who shall become members, what are their rights as members, are all questions for New Jersey courts, because questions of local law; therefore, they require local administration.

"The contract with the Edison Company, the bill assumes, granted the exclusive use of the conduits to

that company, which was not within the corporate power of the Penn Company to grant. Assuming the grant was exclusive, what was the scope of the corporate power conferred by the state of New Jersey? We must at once turn to the local law of New Jersey for answer. · Next it is asked that a decree be made that bids be invited for the extension and use of its conduits; next, that the management shall be declared collusive and fraudulent, and be placed in the control of a master to be appointed by the court. This involves the corporate management of a foreign corporation by a Pennsylvania court. It seems to us it would be without warrant in either reason or authority. While visatorial and remedial powers are conferred upon our courts over corporations of this state, and they can, under certain circumstances, properly exercise these powers, as to foreign corporations it has been directly decided otherwise under the averments of this bill. In Morris v. Stevens, 6 Phila. 488, Justice SHARSWOOD, sitting at nisi prius, held that a stockholder's bill could not be maintained against a foreign corporation, mainly on the ground that to do so would lead to a conflict of jurisdiction. He refers to Judge KING'S decision in Bank v. Adams, 1 Parsons, 534, where it was held that even a creditor's bill to compel payment of subscription to stock was not sustained; much less would a stockholder's bill lie, for the Pennsylvania resident has no right to call upon the courts of his own state to protect him from the consequences of a voluntary membership in a foreign corporation. By the very act of membership he intrusted his money to the control of an organization owing its existence to and governed by the laws of another state."

· · We said, more recently, in *Nat. Baptist Conv., U. S. A., Inc. v. Taylor,* 402 Pa. 501, 166 A. 2d 521 (1961), pp. 504, 505: " 'The general rule is that while courts of one state have power to assume jurisdiction

of actions by non-residents against foreign corporations, they will not ordinarily interfere in controversies relating merely to the internal management of the affairs of the foreign corporation. Wettengel v. Robinson, 288 Pa. 362; Cunliffe v. Consumers Association of America, 280 Pa. 263; Loan Society of Phila. v. Eavenson, 241 Pa. 65; Madden v. Electric Light Co., 181 Pa. 617; Bailey v. Ancient Egyptian Arabic Order, 162 Pa. Superior Ct. 5. This is also the general rule in the United States, 20 C.J.S. 99 Corporations, §1879, and recently our Supreme Court held that: ". . . Pennsylvania courts will not take jurisdiction for the purpose of regulating or interfering with the internal management or affairs of a foreign corporation." Plum v. Tampax, Inc., 399 Pa. 553, 558.'" See also *Hopkins v. Great Western Fuse Co.*, 343 Pa. 438, 22 A. 2d 717 (1941).

We disagree with appellant's contention that he may demand redress in Pennsylvania courts because the act of the foreign corporation affects his individual rights. We conclude that the proposed act of the foreign corporation affects appellant solely in his capacity as a member of the organization, and that he must seek relief of his grievance in the incorporating state.

Holding, as we do, that the court below did not abuse its discretion in refusing to assume jurisdiction of this litigation, we need not, nor do we, decide the question raised in appellees' preliminary objections relative to service of process and posting of security.

Decree affirmed. Appellant to bear costs.

Mr. Justice ROBERTS concurs in the result.