Louis **HOFFMAN**, Appellant,

v.

Allan N. **GOBERMAN**.

No. 17474.

United States Court of Appeals
Third Circuit.

Argued Nov. 6, 1969.

Decided Jan. 6, 1970.

Gregory M. Harvey, Esquire, Morgan, Lewis & Bockius, Philadelphia, Pa., for appellant.

Kimber E. Vought, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa. (Dennis R. Suplee, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, SEITZ and STAHL, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

The question presented on this appeal is whether the district court abused its discretion in dismissing the complaint under the doctrine of forum non conveniens. For the reasons which follow, we hold that under the circumstances of this case it was an abuse of discretion to decline jurisdiction.

The plaintiff Louis Hoffman, a resident of Baltimore, Maryland, and the defendant Allan N. Goberman, a resident of Lancaster, Pennsylvania, are the sole owners of the capital stock of the St. Maarten Isle Hotel Corporation N.V., which was organized under the laws of the Netherlands Antilles. This action, founded on diversity of citizenship and jurisdictional amount, was brought in the District Court for the Eastern District of Pennsylvania, the judicial district in which the defendant resides. The complaint alleges, inter alia, the following facts:

On May 22, 1967 the plaintiff, then the registered holder of 50,000 shares, comprising the entire outstanding capital stock of the corporation, entered into a contract with the defendant whereby it was agreed that the plaintiff would transfer to the defendant 52½% of the outstanding shares of capital stock in consideration of the defendant paying $300,000 to the corporation, completing at cost the construction of an unfinished resort hotel owned by the corporation on the island of St. Maarten in the Netherlands Antilles, and obtaining the financing for its construction and a mortgage loan for the permanent financing of the hotel. It was agreed that thereafter, the plaintiff would be the registered owner of 47½% (23,750 shares) and the defendant 52½% (26,250 shares) of the capital stock. The complaint avers performance of the contract by the plaintiff by the transfer of 52½% of the stock to the defendant.

It is further alleged that the defendant breached the contract at a shareholders' meeting on July 31, 1967 when Howard Rubin, Esq., the defendant's attorney-in-fact and proxy, over the objections and negative votes of Frank Hirsch, Esq., the plaintiff's attorney-in-fact and proxy, voted the defendant's shares in favor of certain actions. These were (1) to authorize either of the two managing di-

rectors of the corporation to sign a note in the amount of $300,000 to Susquehanna Builders, Inc., a corporation controlled by the defendant, which was the same amount as defendant had agreed with the plaintiff to pay to the corporation; (2) to provide that all of the remaining authorized but unissued capital stock, comprising 200,000 shares, be issued to the defendant at the par value of $1.00 per share; and (3) to provide that the $300,000 note be accepted in payment for those 200,000 shares by cancelling to the extent of $200,000 the corporation's obligation to pay $300,000 on the note given to Susquehanna Builders, Inc. An entry was thereafter made on the shareholders' register purporting to register 200,000 shares of the capital stock in the defendant's name.

The effect of the defendant's action, the complaint charges, was to alter the 47½–52½% ratio of stock ownership to a 9½–90½% ratio in violation of the plaintiff's rights as a shareholder and contrary to the terms of their contract, and it alleges that the defendant refused the plaintiff's demands to restore the ratio. It is further alleged that an extraordinary meeting of shareholders was called for the purpose of deleting from the articles of incorporation a provision which required that a shareholder desiring to transfer his shares must offer them first to the other shareholders; that the defendant's purpose in seeking to delete this provision is to permit him to transfer a portion of his shares to third parties for value and without notice to the alleged defective ownership thereof, all to the plaintiff's irreparable injury.

The complaint prays for temporary relief by enjoining the defendant and others from changing the capital structure, from transferring the defendant's shares to others and from amending the articles. As permanent relief the complaint seeks an order requiring the defendant to surrender for cancellation the 200,000 shares issued to him as a result of the actions complained of and to restore the ratio of share-ownership in accordance with the contract. The district court entered, ex parte, a temporary restraining order in the terms prayed for in the complaint. Thereupon the defendant moved for dissolution of the restraining order and for dismissal of the complaint, contending that the doctrine of forum non conveniens was applicable.

After hearing the motions, the district court found that diversity of citizenship and jurisdictional amount had been established, that venue was properly laid, and that the forum was geographically convenient, but it declined jurisdiction and entered an order granting the defendant's motions but directed that the restraining order remain in effect until the plaintiff instituted an appropriate action in the Netherlands Antilles and dismissed the complaint without prejudice to application by the plaintiff for reinstatement of the complaint in the event the courts of the Netherlands Antilles declined to "assert jurisdiction". After the court announced its decision, the plaintiff filed a motion for reargument which the district court denied. This appeal by the plaintiff followed.

The district court's action was based upon its conclusion that this was a suit which called upon the court to interfere in the internal affairs of a foreign corporation and that it was more properly triable in the foreign court. The circumstances which appear to have led it to this conclusion were that the parties had chosen to enter into a business venture conducted in a foreign jurisdiction; that the corporate books and records were kept in the foreign jurisdiction; that the case raised questions of stock ownership of a Netherlands Antilles corporation requiring the application and construction of Netherlands Antilles corporate and contract law, that travel to the Netherlands Antilles by the parties and others on their behalf had not in the past appeared to be a "substantial impediment", and that it was doubtful that the Netherlands Antilles government would decline jurisdiction when the underlying subject of the lawsuit, the construction of a resort hotel and casino,

was so intimately connected with its own internal welfare. The plaintiff, on the other hand, contends that the relief which he is seeking is neither against nor on behalf of the corporation and that his action does not involve the policy or management of the corporation but that the primary basis of the relief sought is the defendant's action in changing the ratio of share ownership from that agreed upon by the parties, both of whom are properly before the district court, and that the secondary basis is the defendant's action as majority shareholder in causing the 200,000 authorized but unissued shares to be issued to himself, not to serve any bona fide corporate purpose but solely to dilute and injure the plaintiff's interest in the corporation. The plaintiff asserts that remitting him to a Netherlands Antilles court would work a grave injustice since the courts of the Netherlands Antilles lack jurisdiction to entertain suits on contract disputes between nonresident parties or in any case to grant equitable relief, and they could only acquire jurisdiction through an attachment proceeding directed to the St. Maarten Isle Hotel Corporation N.V. in which proceeding specific performance could not be obtained but merely a judgment for money damages.[1] The plaintiff further urges that if the case were to be tried in the Netherlands Antilles court he would be required at great inconvenience and expense to transport eight witnesses, residents of Maryland, Pennsylvania and New York, to St. Maarten and that difficult problems would arise in conducting his suit in the language of that court. In answer, the defendant insists that the relief sought by the plaintiff would have required the district court to interfere in the internal affairs of the foreign corporation and also to decide many questions of foreign law pertaining to such affairs; that the district court was required to follow the Pennsylvania rule of refusing to interfere in the internal affairs of a foreign corporation; that the plaintiff could secure appropriate relief by utilizing the Netherlands Antilles attachment procedure, reducing his claim to a money figure, or by instituting suit against the corporation and the present defendant as codefendants, and that the district court fully protected the plaintiff's right to reinstate his suit in the event that he found himself unable to sue in the foreign court.

A district court may in the interest of justice decline to pass upon the merits of a controversy and relegate the plaintiff to a more appropriate forum. Indeed, as between the district courts of the United States, transfer to a more appropriate federal forum is expressly authorized by statute. 28 U.S.C. § 1404(a). However, when the doctrine of forum non conveniens is invoked on a motion to dismiss, it is subject to careful limitation and applied only in exceptional cases and unless the balance is strongly in favor of the defendant the forum chosen by the plaintiff should not be disturbed.[2] Each case turns on its own particular facts, but the ultimate inquiry is whether the retention of jurisdiction by the district court would fairly serve the convenience of the parties and the ends of justice.[3] There must be a clear showing of facts which either (1) establish such oppression and vexation of a defendant as to be out of all proportion to the plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum in-

1. It appears to have been so held by the highest court of the Netherlands Antilles in the case of Captains Quarters v. Vass Deher (August 31, 1967).

2. Canada Malting Co. v. Paterson Co., 1932, 285 U.S. 413, 421-422, 52 S.Ct. 413, 76 L.Ed. 837; Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 507-509, 67 S.Ct. 839, 91 L.Ed. 1055; Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 31, 75 S.Ct. 544, 99 L.Ed. 789; All States Freight v. Modarelli, 3 Cir. 1952, 196 F.2d 1010, 1011.

3. Mobil Tankers Company, S.A v. Mene Grande Oil Company, 3 Cir. 1966, 363 F.2d 611, 613, cert. den. 385 U.S. 945, 87 S.Ct. 318, 17 L.Ed.2d 225.

appropriate because of considerations affecting the court's own administrative and legal problems.[4]

It is settled that the mere fact that the court is called upon to determine and apply foreign law does not present a legal problem of the sort which would justify the dismissal of a case otherwise properly before the court.[5] The district court was, therefore, in error in basing its action, in part at least, on this ground.

While it has been held that a court will not exercise jurisdiction to regulate the internal affairs of a foreign corporation, there is no absolute rule of law which requires dismissal of an action on a mere showing that the trial will involve issues which relate to the internal affairs of a foreign corporation. That is one, but only one, factor to be considered along with the convenience of the parties and the witnesses, the desirability of trial in a forum familiar with the law of the corporation's domicile, and the enforceability of the remedy if one is granted. In Williams v. Green Bay & W. R. Co., 1946, 326 U.S. 549, 553, 66 S.Ct. 284, 286, 90 L.Ed. 31, the Court stated: "The fact that the corporation law of another State is involved does not set the case apart for special treatment. The problem of ascertaining the state law may often be difficult. But that is not a sufficient ground for a federal court to decline to exercise its jurisdiction to decide a case properly before it."

The law of Pennsylvania as to the discretion of a court to apply the doctrine of forum non conveniens and as to the standards that guide the exercise of that discretion is, so far as here involved, the same as the federal rule.[6] While the courts of Pennsylvania do not ordinarily interfere in controversies relating merely to the internal management or policy-making of a foreign corporation,[7] nonetheless, if the internal affairs of a foreign corporation are only incidentally involved in a suit the court will not refrain from exercising its jurisdiction.[8]

Our examination of the record in this case satisfies us that it does not involve undue interference with the internal management of a foreign corporation. The plaintiff asserted in the district court that the defendant directed his shares to be voted as they were at the shareholders' meeting in retaliation for certain actions taken by the plaintiff. At argument on this appeal the defendant's counsel stated that the evidence would show that what allegedly angered the defendant was the plaintiff's action in holding a secret meeting of shareholders on July 7, 1967 in the Netherlands Antilles at which he purported to change the bylaws of the corporation so as to require the approval of the holders of 80% of the shares for effective corporate action. It thus appears that this controversy directly involves only the two parties to this case, both of whom are properly before the district court, and that it only collaterally involves the corporation. It further appears that the relief sought by the plaintiff can be afforded him in the district court by a

4. Koster v. Lumbermens Mutual Casualty Co., 1947, 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067.

5. Burt v. Isthmus Development Company, 5 Cir. 1955, 218 F.2d 353, cert. den. 349 U.S. 922, 75 S.Ct. 661, 99 L.Ed. 1254; Mobil Tankers Company, SA v. Mene Grande Oil Company, 3 Cir. 1966, 363 F.2d 611, 615; States Marine Lines, Inc. v. The M/V Kokei Maru, D.C.Cal.1960, 180 F.Supp. 255; The Saudades, D.C.Pa.1946, 67 F.Supp. 820. See, also, First National City Bank v. Compania de Aguaceros, S.A., 5 Cir. 1968, 398 F.2d 779; Thom-

son v. Palmieri, 2 Cir. 1966, 355 F.2d 64; Federal Rules of Civil Procedure, Rule 44.

6. Plum v. Tampax, Inc., 1960, 399 Pa. 553, 160 A.2d 549, 552–554.

7. Moore v. National Ass'n for Adv. of Colored People, 1967, 425 Pa. 204, 229 A.2d 477.

8. Bailey v. Ancient Egyptian Arabic Order, 1948, 162 Pa.Super. 5, 56 A.2d 311; Loan Society of Philadelphia v. Ervenson, 1913, 241 Pa. 65, 88 A. 295.

**428**

decree in personam against the defendant directing him to comply with the agreement between the parties and, as majority stockholder, to cause the corporation to take such action as may be necessary to that end. A decree against the corporation itself would, therefore, not be needed in this regard. We are, accordingly, satisfied that the court abused its discretion in dismissing the suit on the ground that the complaint asks the court to interfere in the internal affairs of a foreign corporation.

■ It is settled that while an American citizen suing in his own right does not have an absolute right under all circumstances to maintain his suit in a federal court, his election of such a forum should not be disregarded in the absence of persuasive evidence that the retention of jurisdiction will result in manifest injustice to the defendant.[9] There is no evidence that the retention of jurisdiction by the district court in this case will result in any injustice to the defendant and the court made no such finding.

The plaintiff also contends that an action may not be dismissed unless the defendant proves, and the court expressly finds, that there is a second forum available to the plaintiff in which he may obtain substantially identical relief. He argues that the Netherlands Antilles is not such a forum since its courts are not empowered to entertain a suit on a contract dispute between him and the defendant or to grant him the equitable relief to which he asserts he is entitled. We need not decide this question, however, but the doubt which it raises as to the existence of an adequate second forum adds weight to the plaintiff's argument against dismissal here.

The orders of the district court will be reversed and the cause remanded with directions to reinstate and entertain the complaint.

---

9. Mobil Tankers Company, SA v. Mene Grande Oil Company, 3 Cir. 1906, 363 F. 2d 611, 614, cert. den. 385 U.S. 945, 87 S.Ct. 318, 17 L.Ed.2d 225. See, also, Swift & Co. Packers v. Compania Caribe, 1950, 339 U.S. 684, 697–698, 70 S.Ct. 861, 94 L.Ed. 1206.