## Tanzer v. Warner Company

*Mitchell A. Kramer*, for plaintiffs.
*David H. Pettinsky*, for defendants.

GREENBERG, *J.*, January 27, 1978—This matter is before the court on defendants', Warner Company (hereinafter Warner) and Waste Resources Corporation (hereinafter Waste), preliminary objections to plaintiffs' complaint in equity.

This action arises from the merger of two publicly traded corporations, defendant Waste, a Texas corporation, into defendant Warner, a Delaware corporation. Prior to the merger, both corporations had their principal places of business in Philadelphia, Pa., and Warner still maintains its principal place of business here. Pursuant to the terms of the merger, the shareholders of Waste received 0.65 shares of Warner stock for each share of their Waste stock.

This action was commenced against Warner and Waste and their directors by the alleged owners of an unstated amount of Waste stock purchased at some time prior to 1976. Plaintiffs sought an injunction rescinding the merger of the two companies or if the merger is permitted to stand, damages, reflecting the difference between the value of what plaintiffs have received as a result of the merger and what they believe was the "real" value of their stock. In this class action plaintiffs seek to represent themselves and all persons other than

Warner Company who now own or owned Waste stock at anytime between December 17, 1976, and the effective date of the merger, July 6, 1977.

The first count of plaintiffs' complaint in equity alleges that the terms of the merger are so grossly unfair to Waste shareholders that it constitutes a fraud upon them and an illegal appropriation of their assets for the benefit of defendants other than Waste. In addition, the first count alleges that the merger served no legitimate business interest of Waste, but its sole purpose was to divest Waste's shareholders of their holdings in the corporation.

The second count of the complaint alleges that the proxy statement distributed to the shareholders of Waste, for obtaining shareholder approval of the merger, was deceptive and, by distributing the proxy material, defendants perpetrated a fraud upon the shareholders of Waste and misled them into approving the merger.

The third count is brought derivatively in behalf of Waste. It alleges that the merger provides no benefit to Waste, and constitutes a purchase by Warner of the business and assets of Waste for grossly inadequate consideration and is, therefore, a gift and waste of the assets of Waste.

Defendants' preliminary objections raise the issue that this court lacks jurisdiction over the parties and the subject matter because plaintiffs seek to rescind, after consummation, a merger between two foreign corporations and Pennsylvania courts will not interfere in the internal management of foreign corporations. They argue that equity should not act because plaintiffs' sole and exclusive remedy for dissenting shareholders is provided in the Texas Appraisal Statute, Articles 5.11 and 5.12 of the Texas Business Corporation Act.

Defendants also contend that an action for deceit is available to plaintiffs; thus a full, complete and adequate, nonstatutory remedy at law exists and equity should not act.

Defendants argue, finally, that plaintiffs have failed to state a claim upon which relief can be granted because neither Waste nor plaintiffs allegedly on its behalf can assert any claim arising out of plaintiffs' exchange of their Waste common stock for Warner common stock.

We believe that the first preliminary objection covering jurisdiction should be sustained and the complaint in equity dismissed because of the well-established principle that Pennsylvania courts will not interfere in the internal management of foreign corporations.

The internal affairs of a foreign corporation are interfered with where the suit is predicated upon rights derived from some status within the corporate association, and where the suit is brought by or against persons in their capacities as shareholders, officers and directors: Madden v. Penn. Electric Light, 181 Pa. 617, 37 Atl. 817 (1897).

The rights on which plaintiffs base their suit are derived exclusively from the fact that plaintiffs are shareholders in defendant corporations and are suing directors of defendant corporations in their capacity as directors.

This principle is predicated on a rule of discretion; it rests, not on an actual lack of jurisdiction, but rather on policy which dictates a recognition of the want of power to enforce decrees made in such proceedings where, under the facts of any particular case, the power is lacking: Wettengel v. Robinson, 288 Pa. 362, 136 Atl. 673 (1927).

The basis for the policy was addressed by the

Pennsylvania Supreme Court in the case of Moore v. N.A.A.C.P., 425 Pa. 204, 229 A. 2d 477 (1967), where it said: " '[T]he Pennsylvania resident has no right to call upon the courts of his own state to protect him from the consequences of a voluntary membership in a foreign corporation. By the very act of membership he intrusted his money to the control of an organization owing its existence to and governed by the laws of another state.' "

Plaintiffs would have this court declare the merger between Warner and Waste void according to the law applicable to its consummation. To do this, properly, we would have, inter alia, to construe the Texas merger statute. When the Supreme Court of Pennsylvania was called upon to construe the corporate statutes of a foreign state, it refused to do so, saying:

" '[O]ur construction might not be in full accord with the views of the courts of that jurisdiction, in which event there would be presented to corporations there created, and doing business here, the anomalous and confusing situation that management in their home state is regulated in one way and here in another.' " Thompson v. Southern Connellsville Coke Co., 269 Pa. 500, 112 Atl. 533 (1921).

Plaintiffs call on us to review the actions of the board of directors to determine whether or not the merger had a valid "business purpose." Such a review is held in disfavor by Pennsylvania courts since we are dealing with a foreign corporation; it being better left to the courts of the state of incorporation.

Plaintiffs believe that the merger was consummated at the wrong time and based on misinformation, as a result of which the exchange ratio was not

as high as it should have been. Plaintiffs argue that merger constituted a purchase by Warner of the business and assets of Waste for grossly inadequate consideration and is, therefore, a gift and waste of the assets of Waste. They note that Waste's earnings have increased every year, that a Federal statute called the Resource Conservation and Recovery Act of October 21, 1976, 90 Stat. 2796, 42 U.S.C.A. §6901 et seq., would have created new business for Waste and that as a result Waste's earnings justified a higher price. What this amounts to basically is a difference of views and judgment between the complainants as individual or minority stockholders and the constituted board of management of the corporate affairs as to the value of the shares. This is an insufficient basis upon which this court of common pleas should interfere with the internal affairs of a foreign corporation: McCloskey v. Snowden, 212 Pa. 249, 61 Atl. 796 (1905).

Plaintiffs maintained that defendants owned property and were doing business in Pennsylvania, and on this basis the "internal affairs" doctrine is inapplicable. As demonstrated by the proxy statement relied upon by plaintiffs herein, during 1976, the Waste operations in Texas, its state of incorporation, accounted for 31% of Waste's revenues and no other state accounted for more than 14% of Waste's revenues. "The fact that the corporate defendant's principal place of business and its visible tangible property are within our borders is immaterial" and does not bar the application of the "internal affairs" doctrine: Kelly v. Brakenridge Brewing Co., 318 Pa. 254, 178 Atl. 670 (1935).

Plaintiffs' argument that the "internal affairs" doctrine does not apply because plaintiffs are suing to recover a property loss to themselves rather than

for the loss to the corporation brought about by management policies of its directors is equally without merit. In the case of Hogue v. American Steel Foundries, 247 Pa. 12, 15, 92 Atl. 1073 (1915), plaintiffs sought dividends upon certain stock held before the corporation underwent a plan of reorganization. Plaintiffs declined to assent to the plan of reorganization, and retained their preferred stock. Plaintiffs claimed the right to recover an amount equivalent to the dividends, to which they alleged they were entitled under the apportionment of the earnings in accordance with the contract set forth in the certificate of stock, and in the original charter of the corporation. Defendant corporation was a New Jersey corporation and the reorganization was pursuant to the laws of New Jersey. The Pennsylvania Supreme Court in dismissing the complaints ruled that "[t]he determination of the question thus raised, would require us to investigate and determine the validity of the plan of reorganization. . ." The court noted that if plaintiffs had been wronged, this determination, as well as the proper remedy to be applied could be found according to the law of the domicile of the corporation. To sit in judgment over the validity of the action taken by the company would involve interference with the management of the internal affairs of a foreign corporation.

There are exceptions to the rule against interfering in the internal affairs of a foreign corporation. For instance, that rule is not usually followed in situations where there is an action to compel a foreign corporation to allow inspection of its books and records: Plum v. Tampax, 339 Pa. 553, 160 A. 2d 549 (1960); or an action to appoint receivers to wind up the business of a corporation: Cunliffe v. Consumers Association of America, 280 Pa. 263,

124 Atl. 501 (1924); or where the corporation is engaging in unlawful acts: Kelly v. Thomas, 234 Pa. 419, 83 Atl. 307 (1912); or an action for breach of contract for non-payment of severance money or for failure to transfer stock upon tender of the purchase price: Colvin v. Somat Corp., 230 Pa. Superior Ct. 118, 326 A. 2d 590 (1974).

These exceptions to the "doctrine" are based on the premise that by taking jurisdiction we would be involved in a minimal interference in the internal affairs of a foreign corporation. However, in the instant case, the foundation of the suit is the dissatisfaction of some stockholders in regard to a particular transaction or contract into which the directors of the corporation had entered, and the court, in order to grant the relief would have had to look carefully into the affairs of the corporation to ascertain whether the action the directors had taken was for the best interest of all concerned. This is exactly the type of situation in which our courts have applied the doctrine and have refused to interfere.

Since there is no compelling reason to cause us to exercise our discretion and overlook the "internal affairs" doctrine and since it would be a vain act to transfer the action to the law side only to have it dismissed, therefore, we now sustain defendants' preliminary objection concerning the applicability of the "internal affairs" doctrine and dismiss the complaint. Defendants' other preliminary objections need not be reached, and as a result of our decision today, are dismissed as moot.

## ORDER

And now, January 27, 1978, defendants', Warner Company and Waste Resources Corporation, preliminary objection no. 1 to plaintiffs' complaint in

equity concerning the application of the "internal affairs" doctrine is sustained and plaintiffs' complaint in equity is dismissed without prejudice to plaintiffs to file actions in Delaware and/or Texas.

In view of this ruling, defendants' other preliminary objections are overruled without prejudice as moot.